## Richmond.

### MAYS v. THE COMMONWEALTH.

#### NOVEMBER 18th, 1886.

CRIMINAL PROCEEDINGS—*Jury trial— Waiver.*—The defendant in a criminal prosecution cannot waive a trial by a jury, and submit all the matters of law and fact to the determination of the court, there being in this State no statute authorizing an issue joined upon a plea of not guilty in such prosecution in a court of record to be tried otherwise than by a jury. Const., Art. I, sec. 10; Code 1873, ch. 158, sec. 36.

Error to judgment of corporation court of the city of Lynchburg, rendered June 25, 1886, whereby that court proceeded in lieu of a jury to hear and determine all matters of law and fact arising upon the trial of an indictment against B. O. Mays for selling liquor to a minor, and, they being fully heard, sentenced said Mays to pay to the Commonwealth a fine of ten dollars and the costs of the prosecution. To this judgment Mays obtained a writ of error and *supersedeas.*

*W. W. Larkin,* for the plaintiff in error.

*R. A. Ayers,* Attorney-General, for the Commonwealth.

LEWIS, P., delivered the opinion of the court.

The plaintiff in error was indicted in the corporation court of Lynchburg for unlawfully selling liquor to one J. N. Jameson, a minor, without the consent of the parent or guardian of

the said Jameson. Issue was joined on the plea of not guilty, and by consent, the case was tried by the court without a jury. The defendant was found guilty, and sentenced to pay a fine; whereupon he obtained a writ of error and *supersedeas*.

It is contended, and the position is well taken, that the judgment is erroneous, because it was not competent for the defendant to waive a trial by jury. The Constitution provides, that "in all capital or criminal prosecutions a man hath a right to demand the cause and nature of his accusation, to be confronted with the accusers and witnesses, to call for evidence in his favor, and to a speedy trial by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty," etc. Const., Art. I, sec. 10.

The legislature, however, may authorize a waiver of a jury trial by a person accused of crime, and where such authority has been conferred, a defendant who consents to be tried by the court cannot afterwards complain on the ground that he was not tried by a jury. But in the absence of such authority the court has no jurisdiction to try the accused on a plea of not guilty, otherwise than by jury; and consent cannot give jurisdiction. 1 Bish. Crim. Proc. (3d ed.), section 893.

In *Bond* v. *State*, 17 Ark. 290, the accused, who was indicted for an assault and battery, pleaded not guilty, and by consent was tried by the court sitting as a jury. He was found guilty, and sentenced to pay a fine; but on a writ of error the judgment was reversed. "The only point made by the appellant," said the Supreme Court, "is that the issue joined can only, by the law of the land, be tried by a jury. The attorney-general makes no point in the case, conceding, as is true, that it is within the influence of the decision in the case of *Wilson* v. *State*, 16 Ark. 601." In that case it was held that inasmuch as the statutes of Arkansas made no provision for the waiving of a jury in criminal cases, nothing short of the confession of the

facts, or the finding of them by the verdict of a jury, could authorize a judgment against the accused on an indictment for a felony to which he had pleaded not guilty.

In *Neales* v. *State*, 10 Mo. 498, the defendant was indicted for selling liquor without a license, and upon his plea of not guilty a jury was waived, and the case, by consent, was submitted to the court. Judgment was given for the State, which, on a writ of error, was reversed. The court said : "It is exclusively the province of a jury to try the issue of not guilty, and the consent of the defendant for the court to try the same cannot confer such power on the court." And to the same effect are numerous cases.

In this State there is no statute authorizing an issue joined upon a plea of not guilty in a criminal prosecution in a court of record to be tried otherwise than by a jury, although there is a statute which provides that "in any case, except in a case of felony or misdemeanor, unless one of the parties demand that the case be tried by a jury, the whole matter of law or fact may be heard and determined and judgment given by the court." Code 1873, ch. 158, sec. 36. It was, therefore, very properly conceded by the attorney-general that the judgment in the present case must be reversed.

JUDGMENT REVERSED.