## Commonwealth of Pennsylvania *v.* James Hall, Appellant.

*Criminal procedure—Assault and battery—Trial by jury—Waiver by consent—Quarter sessions—Jurisdiction.*

Trial by jury cannot be waived, on an indictment for assault and battery in the Court of Quarter Sessions, where a plea of not guilty has been entered.

Consent cannot confer jurisdiction in a criminal proceeding, nor can it empower the court to act upon subjects which are not committed to its determination and judgment by the law.  The law creates courts and, upon consideration of public policy, defines and limits their jurisdiction and manner of its exercise.  Until the Legislature provides some tribunal for the trial of crimes or misdemeanors in courts of record without a jury, the courts are without jurisdiction to assume such power.

On the trial of an indictment for assault and battery, a stipulation by the defendant, waiving the right of trial by jury and requesting the court to determine issues of fact and law involved, is inoperative, and cannot be held to vest jurisdiction in the court in the absence of specific legislation.

Argued October 27, 1926.  Appeal No. 140, October T., 1926, by defendant from judgment of Q. S. Philadelphia County, August T., 1925, No. 48, in the case of Commonwealth of Pennsylvania v. James Hall.  Before PORTER, P. J. HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.  Reversed.

Indictment for assault and battery. Before LEWIS, J.

The opinion of the Superior Court states the case.

The defendant pleaded not guilty and filed a stipulation waiving trial by jury.

The court adjudged the defendant guilty and imposed a fine of two hundred dollars. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*J. B. Colahan,* and with him *John C. Hinckley,* for appellant.—There is no provision in the constitution and laws of Pennsylvania authorizing a judge, without the assistance of a jury, to pass upon the facts and adjudge the guilt or innocence of one indicted in the Court of Quarter Sessions: Mansfield's Case, 22 Pa. Superior Ct. 224; Mills v. Commonwealth, 13 Pa. 627; Commonwealth v. Collom, 1 Pa. Superior Ct. 542.

*Charles Edwin Fox,* District Attorney, and with him *Joseph K. Willing* and *Bryan A. Hermes,* Assistant District Attorneys, for appellee.—The defendant could waive his right to a trial by jury and under such circumstances the court had jurisdiction: United States v. Reid, 12 How. 361; Ex parte Milligan, 4 Wall. 2; Schick v. U. S., 195 U. S. 65; Pollock and Maitland and Thayer's Evidence (1896); Commonwealth v. Beard, 48 Pa. Superior Ct. 319; Commonwealth ex rel., Ross v. Egan-Warden, 281 Pa. 251; Commonwealth v John Doe, 79 Pa. Superior Ct. 162; State v. Stephens, 84 N. J. Law 261; Edwards v. State, 45 N. J. Law 419; Commonwealth v. Sweet, 4 Pa. Dist. 136.

OPINION BY PORTER, P. J., October 7, 1927:

The indictment involved in this case contained three counts: The first charging the defendant with assault and battery; the second, charging assault and battery

and the infliction of grievous bodily harm, and the third, charging the commission of such assault and battery and that the defendant did "unlawfully cut, stab and wound the prosecutrix." It appears from the docket entries that the defendant entered the plea of not guilty, in open court, upon which plea the district attorney, for the Commonwealth, joined issue. There was then filed of record a writing signed by the defendant and stipulating as follows: "Defendant having entered a plea of not guilty waives his right to trial by jury under this bill of indictment, to which he is entitled under the Constitution and Acts of General Assembly of the State of Pennsylvania, requests the court to determine the issues of fact and law involved and enter such verdict and impose such sentence as the facts and laws require." The judge presiding then proceeded to hear the evidence presented upon the part of the Commonwealth and of the defendant, which evidence was conflicting as to the facts, without the intervention of a jury, and after such hearing found the defendant guilty as indicted. The defendant thereupon filed motions for a new trial and an arrest of judgment, averring in support of said motions the following reasons: "(1) Because the defendant has not been tried by a jury, as required by the Constitution and the laws of the Commonwealth of Pennsylvania, the alleged verdict in this case having been found by a judge without a jury. (2) Because the court has no jurisdiction over the defendant in that, contrary to the protection afforded him by the Constitution of the State of Pennsylvania, the case was tried by a judge without a jury of twelve men. (3) Because the defendant, by waiver of jury, could not confer jurisdiction on the Court so that the cause could be heard and judgment passed in the absence of a jury, there being no provision under the Constitution and laws of the Commonwealth of Pennsylvania for a trial in a Court of Quarter Sessions, before a judge

without a jury." The judge, after hearing arguments on the motions for a new trial and an arrest of judgment, overruled said motions and sentenced the defendant, whereupon the latter took this appeal.

We are not in this case to consider the question whether the Legislature might, without violating the constitutional provisions guaranteeing to a defendant the right of trial by jury, enact a law which would make it possible for one accused of crime to waive those constitutional rights. The Legislature of Pennsylvania has never enacted a law conferring jurisdiction upon the judges of the Court of Quarter Sessions to try the issues of fact arising when a prisoner indicted for the crimes here involved enters a plea of not guilty and attempts to confer jurisdiction upon the court to try such issues of fact without the intervention of a jury. The authority of the Legislature, without violating the Constitution, to establish a new tribunal, to proceed, with the express consent of a prisoner, to try without the intervention of a jury certain minor offenses, or to confer jurisdiction upon the common law courts, upon the express consent of the defendant, to vary the established criminal procedure is here, for the same reason, not involved and the decisions in Van Swartow v. Commonwealth, 24 Pa. 131; Lavery v. Commonwealth, 101 Pa. 560; Commonwealth ex rel. v. Francies, 250 Pa. 496; Commonwealth v. Andrews, 24 Pa. Superior Ct. 571 have here no application, save that they clearly indicate that the authority to change the long established manner of criminal procedure or modify the jurisdiction of the courts is vested in the Legislature.

The Court of Quarter Sessions is a tribunal established by the Constitution, but the Constitution does not define its jurisdiction nor the powers vested in its judges. Courts are founded on express authority; and their duty is to hear and determine according to law. The power exercised in this case by the learned judge

of the court below is not to be found based on any express authority constitutional or statutory; nor in any express right of the prisoner to its exercise: Commonwealth v. Mayloy, 57 Pa. 291. Is it an inherent common law power, or a customary power?

It is contended on behalf of the Commonwealth that as the several counts of this indictment only charged misdemeanors, petty offenses, it would be convenient and save expense if such cases were tried in the manner pursued in this case. The third count of this indictment, upon which the judge of the court below found the defendant guilty, would have subjected the defendant, had he been regularly tried, "to pay a fine, not exceeding one thousand dollars, and to undergo an imprisonment, either at hard labor, at separate or solitary confinement, or to simple imprisonment, not exceeding three years." It can hardly be said to be the view of the law that this was a petty offense. It is sufficient, however, to say that, with regard to the question here presented, there can be no real reason for distinguishing between felonies and misdemeanors, so far as a waiver is concerned: Commonwealth ex rel. Ross v. Egan, Warden, 281 Pa. 251. It is contended, also, that it is not a case of want of jurisdiction, because the Court of Quarter Sessions has jurisdiction of the offense. With regard to such a contention it was said in Mills v. Commonwealth, 13 Pa. 629: "True, but it must be a court of quarter sessions, acting and speaking according to law. Jurisdiction in courts is the power and authority to declare the law. The very word in its origin imports as much; it is derived from juris and dico; I speak by the law. And that sentence ought to be inscribed in living light on every tribunal of criminal power. It is the right of administering justice through the laws, by the means which the law has provided for that purpose." And again, "The jury being an essential part of the court in a criminal case, must be lawfully constituted as well as the court

proper.'' In Beale v. Commonwealth, 25 Pa. 19 it was
said: ''We know that a jury and witnesses are indispensable to a constitutional and legal trial.'' It is
argued on behalf of the Commonwealth that because
the prisoner may waive a jury trial by entering a plea
of guilty, it ought, therefore, to be held that he should
have the right to waive a jury trial and consent to a
trial by a judge alone when he raises issues of fact
by pleading not guilty. The function of the jury, at
common law, was to pass upon issues of fact raised by
the pleadings. When the prisoner entered the plea of
guilty, there was no issue of fact to be tried and no
necessity for a jury trial; the confession was recorded
and nothing done till the judgment: 1 Chitty's Criminal Law 416 and 428; 4 Blackstone's Commentaries
329. ''The founders of this state brought with them
to their new abode the usages to which they had been
accustomed in the land from which they emigrated.
Among them was trial by jury. That mode of trial had
long been considered the right of every Englishman,
and it had come to be regarded as a right too sacred
to be surrendered or taken away ...... Its extent
and its privileges, how and when it was to be enjoyed,
were perfectly understood, and bringing it with them
the founders of the Commonwealth doubtless intended
to bring it as they had enjoyed it.'' ''It is the old
right, whatever it was, the one previously enjoyed,
that must remain inviolable, alike in its mode of enjoyment and in its extent'': Byers and Davis v. Commonwealth, 42 Pa. 94.

Assaults, batteries and wounding were, at common
law, indictable offenses, punishable with fines and imprisonment: 4 Blackstone's Commentaries 216. After
trials by battle or ordeal were abolished there was,
at common law, no mode of trial but by the country:
1 Chitty's Criminal Law 416; Hale's Pleas of the
Crown, vol. 2, p. 259; Hawkins' Pleas of the Crown,
book 2, chap. 39. When the prisoner, after pleading

not guilty, refused to put himself upon the country, he was said to stand mute: 1 Chitty's Criminal Law 424; 4 Blackstone's Commentaries 324; 2 Hale's Pleas of the Crown 258. In this state, by the Act of 1717, a prisoner standing mute, when arraigned, was to suffer as if tried and found guilty by a jury. This was changed by the Act of September 23, 1791, which provided: "If any prisoner shall, upon his or her arraignment for any capital or inferior offense, stand mute, or not answer directly, ......, the plea of not guilty shall be entered for him or her on the record; ......: and the trial shall proceed in the same manner as if he or she had pleaded not guilty, and for his or her trial had put himself or herself on the country": Dyott v. Commonwealth, 5 Wharton 77. The offense charged in that case was a misdemeanor, and the defendant had stood mute and the plea of not guilty had been entered for him. The offense involved in Commonwealth v. Place, 153 Pa. 314, was a misdemeanor, the defendant refused to plead and the plea of not guilty was entered for him and he was tried by a jury, and it was said, by the Supreme Court: "This was in accordance with the universal practice, and was free from error." It thus appears that at common law when a defendant entered the plea of not guilty to an indictment and refused to put himself upon the country, to be tried by a jury, he was held to stand mute and, under the Pennsylvania statutes and long established practice, when a prisoner stands mute or does not answer directly, the trial shall proceed in the same manner as if he had pleaded not guilty, and for his trial had put himself on the country.

The plea of not guilty puts in issue every fact averred in the indictment. If the Legislature has the power, under the Constitution of Pennsylvania, to authorize the Quarter Sessions Court to permit one indicted for the offenses here charged to plead not guilty and waive trial by jury it has not done so. The ques-

tion is whether, in the absence of any statute authorizing it, the court had jurisdiction to try the defendant, without the intervention of a jury. At common law no court has authority to determine, without a jury, even in the case of a petty offense, the issues of fact arising, when the defendant pleads not guilty to an indictment, unless authority to do so is expressly conferred by statute. It has been held in states having constitutions similar to that of Pennsylvania that a prisoner may waive his right to a jury trial, if he chooses to do so and the Legislature has conferred upon the tribunal the jurisdiction to try cases in that manner, but the mere consent of the defendant cannot confer jurisdiction to try him upon any tribunal which has no such jurisdiction conferred by statute. Consent cannot confer jurisdiction in a criminal proceeding, cannot empower the court to act upon subjects which are not committed to its determination and judgment by the law. The law creates courts and upon considerations of public policy defines and limits their jurisdiction and manner of its exercise. Until the Legislature provides some tribunal (or machinery) for the trial of crimes or misdemeanors, in courts of record, without a jury, the courts are without jurisdiction to assume such power: Cancemi v. The People, 18 N. Y. 128; Harris v. The People, 128 Ill. 585; Paulsen v. The People, 195 Ill. 507; State v. Maine, 27 Conn. 281; Murphy v. State, 97 Ind. 579; State v. Lockwood, 43 Wis. 403; The People v. Smith, 9 Mich. 193; Mays v. Commonwealth, 82 Va. 550; Bond v. State, 17 Ark. 290; State v. Douglas, 96 Iowa 308; Commonwealth v. Rowe, 153 N. E. 537 (Mass.).

It is contended on behalf of the Commonwealth that the proceeding in the court below should be sustained because of the decision of the Supreme Court in Commonwealth ex rel. Ross v. Egan, Warden, 281 Pa. 251, and that of the Superior Court in Commonwealth v. Beard, 48 Pa. Superior Ct. 319. There had been no

waiver of a jury trial and a consent to determination of the facts, upon conflicting evidence, by the judge, without the intervention of a jury. In Commonwealth ex rel. Ross v. Egan a jury of twelve had been empaneled and duly sworn and the case proceeded to trial. During the progress of the trial the wife of one of the jurors became ill and, the defendant and the district attorney consenting, the trial proceeded with the eleven jurors who rendered a verdict of guilty and sentence was imposed. The defendant thereupon appealed to the Superior Court and upon his appeal raised no question concerning the irregularity of the rendering of the verdict by eleven jurors but assigned other matters for error and the judgment was affirmed. A year and a half later he applied for his discharge upon writ of habeas corpus alleging that the verdict of the jury was a nullity. The opinion of the Supreme Court in that case stated that: "The solution of the question depends upon the determination whether a trial by less than twelve is an irregularity or a nullity." And in the consideration of that question the court held that this was an irregularity, which the defendant might waive, and remanded the prisoner. The opinion of the Supreme Court in that case cites with approval the opinion of Chief Justice SHAW in Commonwealth v. Dailey, 12 Cushing 80. In Commonwealth v. Dailey a jury of twelve had been regularly empaneled, one of the jurors had been excused with the consent of the defendant and the trial proceeded with eleven jurors, the defendant stipulating that he would waive objection. But he subsequently assigned it for error in the Supreme Court. It was held that the jury having been regularly constituted the withdrawal of one of them was an irregularity which the prisoner might waive. Chief Justice SHAW distinctly stated in his opinion in that case that the court was not passing upon the question whether the court below had authority to permit any other mode of trial than

by jury, that the irregularity involved did not go to the jurisdiction of the court. In Commonwealth v. Beard, supra, a jury of twelve had been regularly empaneled and sworn and during the progress of the trial one of the jurors became ill and was excused by agreement of the defendant and the Commonwealth, the trial was continued with eleven jurors only who rendered a verdict of guilty without objection or exception, taken at the time, and without any motion in arrest of judgment; the defendant having been sentenced appealed to this court and we held that the irregularity was one which the defendant might waive. In neither of the cases above cited was it intimated that the court below had jurisdiction to permit a defendant to entirely waive a jury trial and consent that the conflicting evidence should be heard by the judge and that the facts should be found without the intervention of a jury.

An exhaustive examination of the authorities has convinced us that the learned judge of the court below was without jurisdiction to try and determine the issues of fact involved, without the intervention of a jury. As we have already stated the question of the authority of the Legislature to confer jurisdiction upon some tribunal to try the issues of fact involved in criminal proceedings, without the intervention of a jury, is not involved in this case. Until the Legislature does by statute confer jurisdiction upon the court to try issues of fact in criminal cases without the aid of a jury, the courts are without jurisdiction to so proceed. The arguments based on convenience, saving of time and money are for consideration of the Legislature. Such arguments ought not to have weight with the courts and thus induce them to usurp legislative functions.

The judgment is reversed and the record remitted for further proceedings.