Weinstein and Murman's Liquor License Case.

Argued May 7, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, HIRT and KENWORTHEY, JJ.

*Charles B. Prichard,* with him *James F. Malone, Jr.,* for appellants.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Andrew G. Uncapher,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY BALDRIGE, J., July 18, 1941:

This appeal is from an order of the Court of Quarter Sessions of Allegheny County affirming the decision of the Pennsylvania Liquor Control Board refusing to renew and transfer the restaurant liquor license of appellants.

The appellants attack the regularity of the proceedings and jurisdiction of the court. It seems advisable to review in some detail the history of this litigation to understand their contention. In February of 1939, the appellants, who had been granted for upwards of five years a liquor license for the premises located at 6118 Center Avenue, East Liberty, Pittsburgh, filed two applications with the Pennsylvania Liquor Control Board. One was for a renewal of their 1939 license expiring on April 30, 1940, and the other for a transfer thereof to a new location at 6024-26 Center Avenue, a short distance from their previous place of business. They informed the board on April 4, 1940, that their new restaurant

was ready for investigation by its officers, and two days thereafter they were advised by the board that no further action would be taken on their renewal application until the disposition of the pending transfer.

A remonstrance against the transfer, signed by thirty-five owners and lessors of property in the neighborhood of the new location, was filed with the board. No notice thereof was given to the applicants until April 27, 1940. On April 30, the board named May 7 as the date for the hearing on the application for transfer, and on the same day, at the request of the applicants, it refused the license and waived a hearing. This was done so that the application for transfer could be promptly passed upon by the court of quarter sessions in order to facilitate a final disposition of the matter. The following day an appeal was taken to the board's action. The court directed that it should act as a supersedeas; that the liquor license expiring April 30, 1940 be transferred, and a license for the year 1940 be issued immediately, pending disposition of the appeal.

The applicants by letter dated May 2, 1940, asked the board to cancel their request for a renewal of their license at the old location and to substitute in lieu thereof their application for renewal at their new location. On May 3, they applied to the board for renewal of their license at the new location, which was forthwith issued in obedience to the court's order. A hearing of the appeal pending in the court was held beginning May 13, 1940. A number of witnesses were called upon the part of the remonstrants and the applicants. After the testimony was taken, but before the court entered a decree, the applicants on July 11 presented a petition setting forth that no representative of the board, investigator, or other person was called by the board as a witness at the previous hearings and that they had been informed that no action could be taken by the board with reference to an application for transfer until the

preparation of the premises at the new location was completed, and asked for an opportunity to subpoena proper representatives of the board to produce the records of the investigation made with reference to the operation of the business under their old license.

The case was re-opened and Meyer Feldman, an investigator of the board, appeared and testified that he had visited the old establishment and had observed no violation of the rules and regulations of the board. On July 15, 1940, the court filed an opinion and entered an order affirming the decision of the board refusing to renew and transfer the license of appellants. At the several hearings no objections were made to the regularity of the proceedings or to the jurisdiction of the court. It was not until this appeal was taken that questions relating thereto were raised.

Section 404 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 44 PS §744-404, provides that the board may of its own motion order a hearing for a renewal or transfer of a liquor license and if the application is refused the board shall present its reasons therefor. Any applicant who is aggrieved by a refusal to issue a license, may appeal within twenty days to the court of quarter sessions by a petition, whereupon a hearing shall be held by the court upon ten days' notice to the board, which shall be represented in the proceeding by the Department of Justice. The court shall hear the application de novo and shall either sustain a refusal of the board or order an issuance of the license to the applicant.

Section 409, 47 PS §744-409 [b] provides that unless the board shall have given ten days' previous notice of objections to the renewal of a license, based upon violations by the licensee of any of the laws of the Commonwealth or regulations of the board, the license shall be renewed.

Under our ruling in *Commonwealth v. Hildebrand,*

139 Pa. Superior Ct. 304, 11 A. 2d 688, the present inquiry must necessarily be limited to the question of jurisdiction and the regularity of the proceedings. The appellants assert that the proceedings were irregular and not in conformity with the law because the board did not produce any witnesses, but relied solely on the testimony in behalf of the remonstrants, nor was it represented by the Department of Justice or any legal representative; that it did not give them any notice or warning that it would not issue a license until April 30, 1940, the day the license expired, and therefore violated the provision that ten days' previous notice of objections to the renewal of a license shall be given; that these were indispensable prerequisites before their application could be refused. They argue that in such circumstances the court below had no jurisdiction to hear the appeal and that its order is a nullity.

The objection to the failure of the board to produce witnesses is without merit. We concur in the following statement of the learned court below: "The question has been raised whether the court may affirm a refusal by the Board to grant a license where the complaint is brought by private citizens and the evidence to support it is produced by them and not by agents of the Liquor Control Board. The answer seems to us obvious. No matter what the source of complaint, if the evidence makes out a case of law violation and is found to be credible, the court will sustain the Board's action."

We can conceive of no sound reason why those with an interest in a matter of this kind should not be heard. There is nothing in the statute that prohibits such persons from being witnesses. If their testimony convinces the court that a license should not be granted or transferred the court is justified in basing its decree thereon. In this case there is ample evidence to establish frequent flagrant violations of the law by these appellants when they were conducting their place of business at the

previous location. Nor do we find merit in the contention that the proceedings of the court below were illegal because the board was not represented at the hearing by a member of the Department of Justice, in accordance with section 404, supra. This provision simply states who shall represent the board in court at a hearing, but the proceedings are not defective because the board is not represented by counsel in all cases, especially as here where it relied upon the testimony of the remonstrants, who were represented by counsel. The appellants were not injured or their rights prejudiced in any way by the absence of counsel for the board as they had a full and fair hearing.

Nor were they harmed by the alleged failure to give ten days' previous notice of objection to the renewal of the license as required by section 409, supra. The appellants had ceased to operate a restaurant at their old location prior to the expiration of the license issued therefor, and that license could not have been renewed. Immediately after presenting their application for a renewal, they filed their application for transfer to the new location. The ten days' notice under section 409 is not applicable to a transfer of a license.

The argument that the court below was without jurisdiction is, in our judgment, not sustainable. In *Commonwealth of Pennsylvania v. James Hall,* 91 Pa. Superior Ct. 485, cited by appellants, (affirmed by the Supreme Court in 291 Pa. 341, 140 A. 626) it was held that a trial by jury cannot be waived on an indictment of assault and battery in a court of quarter sessions where a plea of not guilty had been entered. That case does not control this controversy. We concede that jurisdiction to a court cannot be given by consent, but it was not the consent of the parties that gave jurisdiction to the court: *Lavery v. Commonwealth,* 101 Pa. 560. It was the Liquor Control Act of 1937, supra, that vested jurisdiction in the court of quarter sessions to act

upon petitions for the revocation and renewal of licenses issued by the board.

In *Heffernan's Appeal*, 121 Pa. Superior Ct. 544, 547, 184 A. 286 we said that the test of jurisdiction is whether the court has the power to enter on the inquiry and that it is not dependent on the regularity of the proceedings. "Jurisdiction of the cause of action, as used in the statute, relates 'solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs': *Skelton v. Lower Merion Twp.*, 298 Pa. 471, 473. See also *Koontz v. Messer*, 314 Pa. 434." *Welser v. Ealer*, 317 Pa. 182, 184, 176 A. 429.

The failure of the board to hold a hearing on the application for a transfer may have been an irregularity, but that could be, and it was, waived by the petitioners in this case as they requested the board not to hold a hearing, as above stated, so that an appeal could be filed forthwith in the court of quarter sessions.

Our conclusion, after a careful consideration of this record, is that under the facts before us any irregularity in the proceedings was waived by the appellants, and that the court had jurisdiction to determine the controversy, and over the parties; its competency cannot now be successfully challenged.

Order of the court below is affirmed at appellants' costs.