## Waltier *v.* Waltier, Appellant.

Argued December 9, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*William T. Connor,* with him *John R. K. Scott, Hardie Scott* and *Therman P. Britt,* for appellant.

496

*Elmer L. Menges,* for appellee.

OPINION BY KENWORTHEY, J., March 3, 1944:

There can be no doubt in the mind of anyone who has read the testimony that, if believed, the evidence produced by appellee entitles him to a divorce on the ground of indignities. He is a physician and the marriage took place in 1937 while he was an interne in Mercy Hospital, Philadelphia. The parties did not immediately live together; they first established a common residence in August, 1938. Throughout the period of their married life, appellant taught school during the week in Avondale, Chester County, and lived with appellee week-ends only. They separated on October 15, 1939. The evidence is summarized by the master, and quoted in the opinion of the court below, as follows: "She humiliated him in the presence of friends and patients, showed contempt for him, his medical knowledge, his profession and its requirements; interfered with his practice; sought to have him engage in illegal practice to make money faster; insulted his patients, struck the libellant; cursed him and tore his clothes; hit him with her hand-bag in front of his office; threatened his life; neglected him, dared him to strike her; falsely accused him of running with other women; disregarded common precaution for health and safety over libellant's objections; jabbed him with pins; showed libellant no affection; caused him to worry and lose weight; disturbed his peace of mind so that he had difficulty in practicing his profession, and made his life otherwise burdensome and intolerable."

If we thought it would serve any useful purpose to print it in full, we would affirm the decree on the well-considered opinion of the learned court below. The only point worthy of any discussion whatever is the contention, presented both here and below, that since appellant categorically denied all appellee's material

accusations and since many or most of them were not corroborated, the evidence, as a whole, presents "a doubtful balance." *Rommel v. Rommel,* 87 Pa. Superior Ct. 511. But the parties have been twice comprehensively told—once by the master and again by the court below—why appellee's evidence warranted belief. Nothing would be gained, as far as the parties are concerned, if we were to spell it out a third time. And the case is barren of any point which would be of general interest to the profession.

There is no hard and fast rule about corroboration. " 'The test is—are the circumstances convincing? In the final analysis that determination must be drawn from an evaluation of the parties themselves: their appearance, their attitudes both off and on the witness stand, the manner in which they tell their stories. The conclusion will depend upon a judgment or intuition more subtle than can be objectively demonstrated.' " (Quoted from the master's report in *Briggs v. Briggs,* 145 Pa. Superior Ct. 460, 463, 21 A. (2d) 415). In passing on the question of credibility, the conclusion of the master is entitled to considerable weight although not controlling. *Lyons v. Lyons,* 116 Pa. Superior Ct. 385, 388, 176 A. 792.

Decree is affirmed at appellant's cost.