## Cichy License

*Anthony W. Wallace,* for appellants.

*Paul R. Selecky,* for Pennsylvania Liquor Control Board.

*Lewis R. Crisman,* for Borough of Forty Fort.

*Edward D. Morgan,* for protestants.

FLANNERY, J., February 14, 1952.—On October 11, 1951, the Pennsylvania Liquor Control Board refused appellants' application for a retail dispenser's eating place license for the reasons:

"1. A remonstrance signed by many residents of the community has been filed with the board in opposition

to the issuance of a retail malt beverage license at this location.

"2. A number of the residents appeared at the hearing and testified that they are opposed to the granting of a license to the applicants for the reason that the premises are located in a residential area.

"3. As provided by the Borough Zoning Ordinance, the applicants are not permitted to conduct a restaurant or eating place at the location of the premises proposed to be licensed."

The following order was made:

"And now, October 11, 1951, for the above reasons it is ordered and decreed that the retail dispenser eating place license applied for by Anthony and Mary Cichy for premises numbered 50 Dennison Street in the Borough of Forty Fort and County of Luzerne be and it is hereby refused."

An appeal to this court followed and a hearing thereon was held on December 20, 1951, at which the following facts were established:

1. Appellants conduct a grocery store at premises No. 50 Dennison Street, in the Borough of Forty Fort.

2. That business has been in existence in that location since a date previous to January 12, 1931.

3. On that date the Borough of Forty Fort enacted a zoning ordinance in which the neighborhood where appellant's store is located is defined as a residential district.

4. The ordinance contains, inter alia, the provisions:

'Section 8. General Use Regulations and Exceptions. Any lawful use of a building or land existing in any district at the time of the adoption of these regulations, although such use does not conform with the provisions hereof, may be continued therein, provided that the building or premises shall not be enlarged or extended, nor shall the building be recon-

structed or altered to a greater extent than fifty per cent. of its value, at the date of the passage of this ordinance, exclusive of foundations, unless such use be changed to a use permitted in the district."

5. The building was recently enlarged, altered and extended to house the proposed retail eating business place at a cost of $1,000, which is not to a greater extent than 50 percent of its value, at the date of the passage of the ordinance.

6. The appeal is opposed by the Liquor Control Board, through its counsel; the borough authorities, through its counsel, and a group of citizens, protestants who appeared in person and were also represented by counsel.

7. The proposed premises meet the requirements of the Pennsylvania Liquor Control Act and the regulations governing such an establishment.

8. The quota for such license has not been exhausted for the Borough of Forty Fort.

### Discussion

We are satisfied that the first two reasons assigned by the board are without merit. The act governing licenses to retail dispensers of malt or brewed beverages (Act of May 3, 1933, P. L. 252, sec. 6, as amended, 47 PS §89), provides that the board *shall* in the case of a hotel or eating place grant and issue such licenses to reputable applicants who satisfy the requirements of the act. The use of the word *shall* as distinguished from *may* makes the duty mandatory and not discretionary: Yarosz's License, 47 D. & C. 404; Lacivita Appeal, 54 D. & C. 264. In this view of the law, petitions and remonstrances, as such, expressing the personal opposition of petitioners and remonstrants have no place in the present liquor enforcement: Yarosz's License, supra. If their testimony, however, bears on the legal requirements of the situation it is

relevant and material to that extent and should be admitted: Weinstein v. Murman's Liquor License Case, 145 Pa. Superior Ct. 476.

Local convenience or sentiment then, does not come before us in these proceedings, the remedy of the citizenship of Forty Fort Borough in the event that they wish the traffic eliminated is local option. It cannot be done by controlling the action of the Liquor Control Board, whose duty is defined by statute: Sawdey Liquor License Case, 369 Pa. 19.

But the testimony in this case went beyond that. The witnesses testified—and it is admitted—that there is a zoning ordinance in effect in this borough, which defines the area of the application as residential, and here they are on firmer ground.

In Kingston Borough v. Kalanosky et al., 155 Pa. Superior Ct. 424, it was held that the Beverage License Law did not repeal the Zoning Law of June 29, 1923, P. L. 957, which authorizes boroughs to regulate the location and use of land and buildings. The court there said, page 428:

"Both the Zoning Law and the Beverage License Laws were enacted under the police power of the Commonwealth, one to promote the general welfare by regulating the location, character and purpose of lands and buildings within the municipality, the other to accomplish a like purpose by the regulation and restraint of the liquor traffic. Both acts are comprehensive and enforcible within the scope of the purpose for which they were adopted and are not inconsistent nor repugnant. To sustain the position of the court below, destroys the validity of every residential zoning or restrictive business zoning ordinance insofar as it may affect the location of a liquor license. . . . The location of a liquor license has always been a troublesome and annoying problem and we cannot find, from the reading of the Beverage License Laws, a legislative intent

that would permit the establishment of a beer or liquor license in any community regardless of the wishes of its citizens, properly and legally exercised. . . ."

We go then to the third reason set out by the board that under the zoning ordinance ("the wishes of its citizens properly and legally exercised") applicants are not permitted to conduct a restaurant or eating place at the location proposed to be licensed and this is the decisive question.

Applicants contend that (1) the grocery business was in existence at the time the ordinance was passed, and (2) that the proposed eating dispensing business is merely an extension of that commerce originally carried on, an extension of the original "lawful use".

If this contention is correct then the license should be granted; if not, then the license should be refused.

In the Veltri Zoning Case, 355 Pa. 135, applicant carried on a nonconforming use in an A residence zone, that is, he was carrying on "a dairy store in which was sold sandwiches, cold cuts, ice cream, soda water, pop, milk shakes and coffee". He desired to sell intoxicating liquors. The ordinance in question provided "A nonconforming use shall not be changed to a use designated for a district having less restrictive regulations".

The board of adjustment of the borough found as a fact that the privilege or license to sell intoxicating beverages changed the theretofore existing nonconforming use; this was affirmed by the Court of Common Pleas of Allegheny County and decided finally by the Supreme Court on appeal.

If the extension of a light lunch business to include alcoholic beverages is a change in use as it is determined to be by the Supreme Court then how much more so is the extension of a general grocery business into a retail dispenser's eating establishment? The proposed use then, in the instant case, was not existing at the time of the adoption of the regulation

by the Borough of Forty Fort. In the location for which it is proposed it comes within the ban of the ordinance. Under such circumstances, the findings of fact of the Liquor Control Board may not be disturbed, and its order must be sustained: Veltri Zoning Case, supra. See also Cheswick Borough v. Bechman et al., 352 Pa. 79; Haller Baking Company's Appeal, 295 Pa. 257.

Wherefore, now February 14, 1952, at 2 p.m., the appeal is denied and the decision of the Pennsylvania Liquor Control Board refusing appellants' application is affirmed.