## Commonwealth v. Williamson

*Barrett & Monroe,* for defendant.

SATTERTHWAITE, J., May 12, 1952.—This case is another example of the tendency, so frequently crit-

icized by this court, to make information in summary offenses under The Vehicle Code before one other than the nearest available justice of the peace within the municipality where the alleged violation occurred or the one nearest available in an adjoining municipality if there be no person therein holding the office of justice of the peace, as such term has been defined in Commonwealth v. Gill, 166 Pa. Superior Ct. 223.

The present proceedings are before this court on certiorari, in which defendant, by his exceptions, contends that the return of the justice of the peace to the writ discloses on its face that the justice had no jurisdiction over the subject matter of the prosecutions. Inasmuch as we feel that defendant's contention in this respect must be sustained, it is unnecessary to pass upon any other objections which may have been raised, and we do not intend hereby to express any opinion as to any other question.

The transcript of the justice of the peace discloses that this defendant was charged with three summary offenses under The Vehicle Code: one involving section 1016(a) (75 PS §591), relating to failure to stop at through traffic stop signs, another involving section 406 (75 PS §96), relating to failure of the operator to have in his possession the registration card, and the third involving section 1002(b) (75 PS §501), relating to operation of a motor vehicle at an unlawful rate of speed. The transcript further discloses that although these violations are alleged to have occurred in Bristol Township, Bucks County, Pa., the officer made information with respect thereto before a justice of the peace in the Borough of Hulmeville, Bucks County, Pa. The transcript further sets forth that there was no justice of the peace available in Bristol Township.

The justice duly issued the summons or notice to defendant by registered mail as required by section 1202

of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §732, and four days later defendant appeared and paid the fine and costs. Subsequently application was made to this court for a writ of certiorari which was duly allowed.

These prosecutions were unquestionably beyond the jurisdiction of the justice of the peace before whom the informations were made. While it is undoubtedly true that the general jurisdiction of a justice of the peace extends throughout the county of his election, and while it is also undoubtedly true that a justice of the peace does have jurisdiction generally over the type of offenses here involved, nevertheless, it is equally true that the justice of the peace has no jurisdiction over the subject matter in this case in view of the provisions of section 1201 of The Vehicle Code, as amended, 75 PS §731. Although there is an averment in the transcript that there was no justice of the peace available in Bristol Township (which, however contrary to the fact, for the purposes of this case we may assume to be true), there is no authority whatsoever, under section 1201 of The Vehicle Code as aforesaid, to bring these prosecutions before any justice of the peace in a municipality which does not adjoin Bristol Township. The court takes judicial notice of the fact that Hulmeville Borough is not contiguous to Bristol Township, a portion of Middletown Township intervening between the two municipalities. Under the circumstances it is clear that the justice hearing these cases had no jurisdiction over the subject matter: Commonwealth v. Stamm, 43 D. & C. 210; Commonwealth v. Pappas, 41 D. & C. 291.

The only real question in this case is whether or not defendant, by pleading guilty to the offenses and voluntarily paying the fines and costs, has waived his rights to attack the jurisdiction of the justice of the

peace in this court. While we have recently held that one who voluntarily pays the fine and costs in a summary proceeding may not thereafter have the record reviewed by this court on certiorari (Commonwealth v. Clark, 2 Bucks 1, and Commonwealth v. Satterthwaite, 2 Bucks 2), we now hold that such principle is not applicable where the justice of the peace, as disclosed by the record before the court on certiorari, did not have jurisdiction over the subject matter. Neither of the cited cases was concerned with that question.

The reasoning of the Superior Court in Commonwealth v. Gill, 166 Pa. Superior Ct. 223 on this subject is persuasive and should be followed, notwithstanding that the exact question here presented was not involved in that case inasmuch as the matter was before the court on a waived hearing rather than on certiorari. Judge Ross, in the course of the opinion in the Gill case at p. 227, held as follows:

"Section 1201(a) of The Vehicle Code, 75 P. S. 731, sets out the conditions under which the legislature intended that magistrates should acquire jurisdiction over summary prosecutions under The Vehicle Code. The provisions of this section are mandatory and it is only through strict compliance with such provisions that jurisdiction is acquired. It is well established that jurisdiction of the subject matter cannot be given to courts by consent. *Mills v. Commonwealth*, 13 Pa. 626; *Com. v. Hall*, 91 Pa. Superior Ct. 485; *Weinstein and Murman's Liquor License Case*, 145 Pa. Superior Ct. 476, 21 A. 2d 431. Consequently, it follows that if the magistrate had no jurisdiction, no act in the nature of a *waiver* or of *consent* could be effective to confer jurisdiction where none exists. We, therefore, conclude that the defendant could raise in the county court the question of jurisdiction of the magistrate before

whom he had appeared, given bond and waived a hearing."

The conclusion we have reached follows that of the court of Common Pleas of Montgomery County in Commonwealth v. Stamm, 43 D. & C. 210, in a well considered opinion by Judge Corson, on a factual situation identical to that here presented. Other cases which hold that jurisdiction of the subject matter of a summary proceeding may be attacked on certiorari, notwithstanding appearance in the proceedings and payment of a fine and costs, are City of Philadelphia v. Glassman, 63 D. & C. 89, and Campbell v. Commonwealth et al., 43 D. & C. 123.

Defendant also asks that we direct restitution of the fines and costs, contending that this court has inherent power so to do, in its discretion, under such cases as Leffingwell et al. v. City of Wilkes-Barre, 4 Kulp 494. Ordinarily, however, restitution is not awarded after voluntary payment: Commonwealth v. Gipner, 118 Pa. 379; Lucas et al. v. Commonwealth, 24 Dist. R. 159; Commonwealth v. Shofnoski, 5 Dist. R. 784. The provisions of section 1204 (d) of The Vehicle Code, 75 PS §734, directing restitution *on acquittal* upon appeal are not applicable on certiorari (Commonwealth v. Stamm, supra), moreover, defendant has not, in these proceedings, been found not guilty, a condition precedent under section 1204 (d). Still further, neither Bristol Township nor the State Treasurer, for whose benefit these fines were collected under The Vehicle Code, is before the court in these proceedings. Under all the circumstances, therefore, even assuming that we have authority to order repayment of the fines and costs (of which we are not convinced), such power should not be exercised in this proceeding where the right to recover the money may depend upon facts not before us on this record, and defendant

should be left to proceed in another appropriate action, if any he has, wherein such matters may be properly determined: City of Philadelphia v. Glassman, 63 D. & C. 89; Commonwealth v. Barbona, 23 Dist. R. 635, affirmed in 56 Pa. Superior Ct. 637; Swarthmore Borough v. Taylor, 19 Dist. R. 962, 965.

And now, May 12, 1952, defendant's exceptions as to the jurisdiction of the justice of the peace are sustained and the judgments finding defendant guilty of the summary offenses charged are set aside and vacated.