## Commonwealth v. Amoroso

*A. Benjamin Scirica*, for appellant.

*Sidney M. De Angelis*, for Commonwealth.

FORREST, J., December 29, 1958.—This is an appeal from a summary conviction on a charge of violating a provision of The Vehicle Code of May 1, 1929, P. L. 905. Appellant contends that the justice of the peace was not the nearest available magistrate within the borough where the alleged violation occurred and that the proceedings were fatally defective for want of jurisdiction of the justice of the peace.

There is no dispute about the relevant facts. On April 29, 1958, appellant, Anthony Amoroso, was driving a truck in a northerly direction on DeKalb Street, between Airy and Chestnut Streets in the Borough of Norristown. A Norristown police officer being of the opinion that the truck was overweight in violation of The Vehicle Code, sec. 903, as amended, 75 PS §453, required that the truck be driven to stationary scales at Mill and Washington Streets. The officer was empowered to do so by virtue of section 904 of The Vehicle Code, as amended, 75 PS §454. The officer found that the truck was 9,500 pounds overweight. He proceeded to Norristown City Hall which is in the Third Ward. At the request of someone at police headquarters, Justice of the Peace Farrington left his office at 236 West Main Street, in the First Ward, for which he was commissioned, and came to city hall, more than three blocks away. The policeman signed an information setting forth that appellant had violated section 903 of The Vehicle Code. Appellant pleaded guilty and paid a fine of $900 in order to expedite the delivery of his valuable and perishable cargo of cream.

At the time of the hearing, Justice of the Peace Charles Gorman, whose office is at 112 East Marshall

Street, was available. His office is nearer to that part of DeKalb Street on which appellant's truck was driven before he was stopped by the police than is the office in city hall in which Justice of the Peace Farrington held the hearing.

The Vehicle Code, sec. 1201, as amended, 75 PS §731(a), provides:

"Informations, charging violations of any of the summary provisions of this act . . . shall be brought before the nearest available magistrate within the . . . borough . . . in the county where the alleged violation occurred. . . ."

"Section 1201(a) of The Vehicle Code . . . sets out the conditions under which the legislature intended that magistrates should acquire jurisdiction over summary prosecutions under The Vehicle Code. The provisions of this section are mandatory and it is only through strict compliance with such provisions that jurisdiction is acquired. It is well established that jurisdiction of the subject matter cannot be given to courts by consent. Mills v. Commonwealth, 13 Pa. 626; Commonwealth v. Hall, 91 Pa. Superior Ct. 485; Weinstein and Murman's Liquor License Case, 145 Pa. Superior Ct. 476, 21 A. 2d 431. Consequently, it follows that if the magistrate had no jurisdiction, no act in the nature of a waiver or of consent could be effective to confer jurisdiction where none exists. We, therefore, conclude that the defendant could raise in the county court the question of jurisdiction of the magistrate . . .": Commonwealth v. Gill, 166 Pa. Superior Ct. 223, 227 (1950).

Since jurisdiction of the justice of the peace depends upon whether he was the "nearest available magistrate within the . . . borough", we must consider what was the legislative intent of the phrase "nearest available magistrate". We think it is manifest that

the test is: Which *"available" magistrate's office* is nearest to the place where the alleged offense was committed? Otherwise, jurisdiction might be a most uncertain matter, depending upon where the available justices of the peace of the borough happened to be physically present at any particular moment.

And now, December 29, 1958, it appearing that the justice of the peace was without jurisdiction to entertain the prosecution of the alleged offense, defendant's appeal is sustained, it is ordered and decreed that the judgment and conviction of the justice of the peace be set aside and defendant is ordered discharged and the fine and costs shall be remitted.