Opinion bv
 

 Boss, J.,
 

 This is appeal from a summary conviction of a violation of Section 1016(a) of The Vehicle Code of May 1, 1929, P. L. 905 as amended, 75 PS 591. The violation, which is. admitted, occurred in O’Hara Township, Allegheny County. The information was filed before a justice of the peace of and for the Borough of Blawnox, which adjoins O’Hara Township. The defendant appeared before the justice of the peace, waived a summary hearing and posted bond for an appearance before the County Court of Allegheny County. In the county court it was stipulated that the justice of the peace before whom the information was filed was the nearest justice of the peace or magistrate to the place of the offense. It was further stipulated “that there are two elected justices of the peace for the Township of O’Hara and the commissions have been issued to both individuals
 
 *225
 
 and that neither of them is active in the conduct of the business of their office of justice of the peace”.
 

 The gravamen of the defendant’s argument in the court below Avas, and is noAv, that the justice of the peace in the Borough of BlaAvnox had no jurisdiction. Defendant’s contention is that Section 1201(a) of The Vehicle Code, 75 PS 731, permits the filing of an information before a justice of the peace of an adjoining municipality
 
 only
 
 Avhere there is no person
 
 commissioned
 
 as a justice of the peace in the municipality in which the violation occurred. For the Commomvealth two contentions are stressed: (1) That a defendant charged Avith a summary offense under The Vehicle Code, Avho voluntarily appears before a magistrate or justice of the peace and Avaives hearing cannot raise the question of jurisdiction for the first time before the county court or court of quarter sessions; and (2) that Section 1201(a) permits the filing of an information before a justice of the peace of an adjoining municipality where the Commonwealth shOAVS that such justice of the peace Avas the nearest such officer to the situs of the alleged offense and that no justice of the peace Avas
 
 available
 
 within the municipality where the alleged violation occurred.
 

 (1) May defendant raise the question of the jurisdiction of the justice of the peace for the first time in the court of quarter sessions? Section 1204 of The Vehicle Code, 75 PS 734, provides: “(a) Any person convicted in any summary proceeding under this act-shall have the right of appeal as in other cases of summary conviction. (b) Any person charged with violating any of the summary provisions of this act may waive summary hearing, and give bond in a sum equal to double the amount of the fine and costs that might be imposed, for appearance for trial before a judge of the court of quarter sessions, or in the county court, or in the mu
 
 *226
 
 nieipal court, in counties wherein such court exists, and thereupon the magistrate shall, within fifteen (15) days, return the information to the said court.” In
 
 Com. v. Burall,
 
 146 Pa. Superior Ct. 525, 22 A. 2d 619, a defendant charged with the violation of a summary provision of The Vehicle Code appeared before the justice of the' peace before whom the information was lodged, waived a hearing, posted bond and “took an appeal” to the court of quarter sessions where a hearing de novo was had. Defendant moved the court to dismiss the case on the grounds that (1) the information and record of the justice of the peace
 
 failed to show
 
 that he was the nearest available justice within the municipal subdivision in which the alleged violation occurred; and (2) the record of the justice of the peace
 
 failed to show
 
 that a notice to appear within ten days and a copy of the information had been mailed to him. The court of quarter sessions refused to grant the motion and the defendant was convicted. On appeal from such conviction we held that the alleged omissions were merely procedural irregularities and that the right to attack the record on technical deficiencies had been waived by the defendant. The
 
 Burall
 
 case lends no support to the proposition contended for by the Commonwealth in the instant appeal. The contention there was not that the justice of the peace before whom the information was filed was not in fact the nearest available justice of the peace; the contention was that the record of such justice failed to disclose this fact. Moreover, certain language in that case indicates that an attack upon the jurisdiction of a magistrate
 
 can
 
 be made after waiver of hearing. At page 528 Judge Baldrige stated: “These alleged omissions are but procedural irregularities,
 
 which did not affect
 
 the jurisdiction of the justice of the peace” (Italics supplied), and also at page 528: “Upon appeal from a decision of the. justice to the court of quarter sessions
 
 *227
 
 the cause is decided on its facts and merits only, assuming again, of course,
 
 that the justice has jurisdiction.”
 
 (Italics supplied.) In
 
 Com. v. Conner,
 
 50 D. & C. 488, the above quoted language was relied upon by the court in holding that a defendant who had waived a hearing could question the jurisdiction of the justice of the peace for the first time in the court of quarter sessions.
 

 We agree with the reasoning and the conclusion of the court in
 
 Com. v. Myers,
 
 22 D. & C. 586, where it was held that a defendant may waive a hearing and escape conviction by showing in the court of quarter sessions that the magistrate had not acquired jurisdiction over him. The court based its conclusion on the reasoning that clause (b) of section 1204, 75.PS 734 would have no significance if, when the case came to the quarter sessions, it could only be heard on its merits, since that relief is fully afforded under clause (a). The court stated that a proceeding under clause (b) is not an appeal but is intended to remove the whole case and is not intended to preclude the defendant from raising questions of jurisdiction in the quarter sessions.
 

 Section 1201(a) of The Vehicle Code, 75 PS 731, sets out the conditions under which the legislature intended that magistrates should acquire jurisdiction over summary prosecutions under The Vehicle Code. The provisions of this section are mandatory and it is only through strict compliance with such provisions that jurisdiction is acquired. It is well established that jurisdiction of the subject matter cannot be given to courts by consent.
 
 Mills v.
 
 Commonwealth, 13 Pa. 626;
 
 Com. v. Hall,
 
 91 Pa. Superior Ct. 485;
 
 Weinstein and Murman’s Liquor License Case,
 
 145 Pa. Superior Ct. 476, 21 A. 2d 431. Consequently, it follows that if the magistrate had no jurisdiction, no act in the nature of a
 
 toaiver
 
 or of
 
 consent
 
 could be effective to confer jurisdiction where none exists. We, therefore, conclude that the defendant
 
 *228
 
 could raise in tlie county court the question of jurisdiction of the magistrate before whom he liad appeared, given bond and waived a hearing.
 

 (2) Was the information filed in compliance with the requirements of Section 1201(a) of The Vehicle Code? Our conclusion is that it ivas. Section 1201(a) provides: “Informations, charging violations of any of the summary provisions of this act, shall be brought before the nearest available magistrate ivithin the city, borough, incorporated town, or township where the alleged violation occurred: Provided, however, That where there is no substantial difference between the respective distances from the place where the alleged violation occurred to the offices of more than one magistrate, any such prosecution may be brought before any one of such magistrates, or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought before such nearest available magistrate in any adjoining city, borough, incorporated town, or township, within fifteen (15) days after the commission of the alleged offense and not thereafter. ...” A reasonable construction of this section would seem to be that it sets up as a general rule that any information charging a violation of a summary provision of The Vehicle Code must be laid before the nearest available magistrate
 
 within
 
 the municipality in which the alleged violation occurred. The general rule is qualified to the extent that where there is no substantial difference in the distances from the place of the offense to the offices of two or more magistrates within the municipality the information may be filed with any one of such magistrates. To the general rule, so qualified, there is only one exception, that is where there is “no person holding the office of magistrate” in the municipality in which the offense occurred the information may be filed with the
 
 *229
 
 nearest available magistrate in an adjoining community. It is with the exception to the general rule that we are now concerned. The narrow problem is the meaning of the phrase “holding the office of magistrate”. If, by these words, the Legislature meant to permit the information to be filed in an adjoining municipality only when there is no person
 
 commissioned
 
 to act as magistrate in the municipality in which the offense occurred, the present information must be held invalid since it is stipulated that there are two persons commissioned as justices of the peace in O’Hara Township. If, on the other hand, by these words the Legislature meant no person
 
 actively exercising the duties
 
 of a magistrate, then the conviction appealed from must be affirmed.
 

 In determining the intention of the Legislature, we are aided by such cases as
 
 Com. ex rel. Dugan v.
 
 Ashe, 342 Pa. 77, 19 A 2d 461, where it is said that penal statutes must be strictly construed but that such statutes must also be construed with common sense. Could there be any common sense in an interpretation which would permit The Vehicle Code to be violated with impunity within a municipality where there is a person holding a commission as magistrate but who, because of disinclination or incapacitation, is not performing his functions as such? We think not. It must be presumed that the Legislature did not intend a result that is absurd, impossible of execution or unreasonable.
 
 Duddy v. Conshohocken Ptg. Co.,
 
 163 Pa. Superior Ct. 150, 60 A 2d 394. We think, by Section 1201(a) the Legislature intended that upon proof by the Commonwealth or by a stipulation, as in this case, that there was no person
 
 actively exercising the duties
 
 of magistrate in the municipality in which the alleged offense occurred, an information might properly be filed with the nearest available magistrate in an adjoining municipality.
 

 Judgment affirmed.