## Commonwealth v. Walker

280

*Daniel E. Teeter*, district attorney, for Commonwealth.

*Eugene R. Hartman*, for defendant.

SHEELY, P. J., July 1, 1950.—In this case defendant raises the technical question whether he was properly prosecuted in York Springs Borough for operating his truck with a gross weight in excess of that permitted by law. He was stopped in Huntington Township by a member of the State police who suspected the truck was overloaded. Under the authority of section 904 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §454, the officer directed defendant to proceed to stationary scales in the Borough of York Springs (which is contiguous to Huntington Township) for the purpose of being weighed and, finding that the truck was loaded more than 10 per cent in excess of the gross maximum weight allowed, filed an information before a justice of the peace of York Springs Borough charging a violation of section 903(a) of The Vehicle Code.

Under section 1201 of The Vehicle Code, as amended, 75 PS §731, informations charging violations of any of the summary provisions of the code are required to be brought before the nearest available magistrate within the township or borough where the alleged violation occurred. The provisions of this section are mandatory and compliance with them is essential to

the jurisdiction of the magistrate: Commonwealth v. Gill, 166 Pa. Superior Ct. 223 (1950). The question here involved is where the alleged violation occurred. Defendant contends that it occurred in Huntington Township, where he was stopped by the officer, and that since his operation in York Springs Borough was by direction of the officer he was not guilty of a violation there.

The offense of operating a vehicle with a gross weight in excess of that permitted by the code is a continuing offense; that is, it commences when the operator begins his trip and continues until he disposes of the excess weight. He could therefore be prosecuted in any borough or township through which he passed or in which he operated the vehicle, and the magistrates of such boroughs or townships would have concurrent jurisdiction: 14 Am. Jur. 928, §231. But before he could be prosecuted it is necessary that the vehicle be weighed. This is the purpose of section 904 of the code which permits the officer to weigh the vehicle by means of portable scales, or to require the operator to take the vehicle to stationary scales within a distance of two miles. At the point where the officer stops the vehicle he merely has reason to believe that the weight is unlawful; he does not know that it is unlawful until the weighing is completed. The trip from the point of stopping to the scales at the direction of the officer does not constitute a new offense but is merely a continuation of the original offense, the gravamen of which is the overloading, not the mere operation, and a prosecution would properly be brought in the borough or township where the scales were located and the officer first *knew* that a violation had occurred. This does not expose defendant to double prosecution as the information laid in York Springs covered the violation up to that point.

The situation here disclosed is to be distinguished from a situation where the criminal intent originates

in the mind of the officer, who then causes a person to do an act which would constitute a violation of law as, for example, if an officer would direct an unlicensed operator, or a person under the influence of intoxicating liquor, to operate a vehicle and then attempt to charge him with the violation. That would constitute entrapment. But, "It has been repeatedly held that it is not entrapment where an individual or an officer of the law, having reason to believe that another is committing a criminal offense, furnishes an opportunity for the commission of the criminal offense which the person concerned is committing or intending to commit": Commonwealth v. Hoffecker, 27 Berks 136 (1934) ; Commonwealth v. Jones, 46 Dauph. 300 (1938). In Commonwealth v. Wasson, 42 Pa. Superior Ct. 38, 54 (1910), it is said: "In general, one who has committed a criminal act is not entitled to be shielded from its consequence merely because he was induced to do so by another."

The result reached in this case is in keeping with the reasons which prompted the legislature to enact section 1201. One of those reasons was to prevent officers from harassing motor vehicle violators by taking them to a magistrate at a distant point in the county for the violation of a summary provision of The Vehicle Code. In the instant case the officer could have made an immediate arrest (actually he filed an information and the customary 10 days' notice was sent). To have returned defendant to Huntington Township would have been of no benefit to defendant and would only have increased the costs since the owner of the scales would have to be called as a witness. It is not intimated that the officer had any ulterior motive in causing defendant to go to York Springs or in bringing the prosecution there.

The evidence showed that defendant's truck was not only overloaded, but that defendant was in possession

of a weight slip issued at the point of loading showing that the truck was overloaded.

It follows that defendant must be found guilty as charged and that his motion to dismiss must be denied.

And now July 1, 1950, defendant's motion to dismiss the proceedings is denied; defendant is found guilty as charged and is directed to appear before the court on July 10, 1950, for sentence.