## Commonwealth v. Henwood

*Raymond A. Speiser*, for Commonwealth.
*Henry B. McLaughlin*, for defendant.

SLOANE, J., August 25, 1950.—In this case defendant was charged with violating the "horns and warning devices" provision of The Vehicle Code, with using his "horn or other warning devices other than as a reasonable warning" (75 PS §401), and I might suppose in a way that distresses the ear and fouls the tongue. He was summoned before a magistrate for the violation, but waived a hearing, gave the necessary bond,

and took this appeal to me, sitting in quarter sessions. This he could do: Commonwealth v. Gill, 166 Pa. Superior Ct. 223.

Defendant asserts that the notice to appear before a magistrate was more than 10 days after the date of the written notice by the magistrate to defendant of the filing of the information against him (75 PS §732(a)).[1] The face of the notice of the information shows defendant to be correct: it shows the alleged violation to be on or about June 1, 1950; the oath was taken June 8, 1950; the hearing date was July 25, 1950.

Obviously the notice to appear before a magistrate was more than 10 days "of the date of the written notice", assuming the magistrate consumed the full seven days before sending out the notice. And if the magistrate sent out his notice after the seven days, the proceeding was faulty for that reason. In any event, the latest possible date for the hearing, under the footnote section, was June 25, 1950. Whether the clerk who made up the notice made a mistake and meant June 25th instead of July 25th, we do not know. The fact remains that the notice shows the hearing was set for July 25th. That being so, I have no alternative but to sustain defendant's position.

The legislature might have allowed the authorities more time for action, but not having done it, the courts may not. It is not for us to conjure up a time formulary, and without due solicitation or proper permission, interfere with the legislature. Moreover, the legisla-

---

1. "Section 732. Proceedings by Information and Warrant:

"(a) Summary proceedings under this act may be commenced by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

ture may have had its purpose as indicated in Commonwealth v. Walter, 39 D. & C. 383, 387.[2]

My decision is in accord with other courts. See Commonwealth v. Schillinger, 59 D. & C. 326.

And now, August 25, 1950, the action of the magistrate is reversed, and defendant is discharged. Costs shall stay where they are.

---

2. It appears to us to be clear that it was the intention of the legislature to relieve or protect defendants from the ignominy, embarrassment, and expense of an arrest for a comparatively trifling offense without first affording him ample time and opportunity to appear voluntarily for a hearing or to give bail. The provision is entirely reasonable and just, and if the act were properly drawn it need not cause any great inconvenience to the legal authorities.