## Commonwealth v. Schuster

C. *Wm. Kraft, Jr.,* and *Basil C. Clare,* for Common-
wealth.

*Greenwell, Porter & Stainton,* for defendant.

ERVIN, P. J., August 29, 1951.—This was a motion
to quash an information in a summary appeal on which
a rule to show cause was granted. Defendant's motion
must be dismissed.

On November 7, 1950, Officer Newcomb, of the Penn-
sylvania State Police, apprehended defendant while
driving on Route 322 in Upper Chichester Township,
this county. On November 12, 1950, Newcomb filed an
information before Thomas E. Wheat, justice of the
peace, charging defendant with violating section 1002,
subsec. (*b*), of The Vehicle Code by driving his auto-
mobile at the rate of 70 miles per hour. On November
15, 1950, a copy of the information, together with the
following notice, was sent to defendant by registered
mail:

"Auto Violation—Notice to Appear
Docket No. 330
"Date: November 12, 1950
*"To Lester Schuster*
*"Address 18 N. Veronica Road, West Chester,*
     *Chester Co., Pa.*

"Information has been lodged against you before the
undersigned, a *Justice of the Peace* in and for said
County a true and correct copy of the said information
made is hereto attached and made a part hereof.

"You are hereby summoned to answer to the charges.
If you wish to enter a plea of guilty you may submit

the fine and cost amounting to *$13.50* in person or by mailing check or money order payable to the undersigned at my office No. Ward, Del. Co., Pa., within ten days of this legal notice, official receipt for which will be mailed to you. PLEASE RETURN THIS NOTICE TO ME WHEN REMITTING.

"If you believe that you are not guilty of the violation as charged, kindly notify me at once and in any case not later than ten days from the date of this legal notice, and a date will be set for a hearing, at which time you may be represented by witnesses and attorney if you so desire.

"If you fail to appear or notify me within ten days of your desire, it will be my duty under the law to issue a warrant for your arrest.

Sub-Sec   B, Sec   1002 , Article   10          $10.00
Sub-Sec...., Sec...... , Article ......
Ordinance No. ......                        $......
    "Costs                    3.50
    Registered Mail            ......
    Return Receipt Postage     ......
    Total                    $13.50

WITNESS my hand and seal this 21st day of November, 1950.

(SEAL)

/s/ Thomas E. Wheat          (SEAL)

    Justice of the Peace

My Commission Expires first Monday of Jan., 1956"

On November 20, 1950, defendant called the justice of the peace and asked for a hearing. The latter set Friday, November 24, 1950, at 7 p.m. as the time and on November 22, 1950, mailed a post card to Mr. Schuster, advising defendant of the date of the hearing. Defendant failed to appear and on December 5, 1950, a warrant was issued and defendant was brought in on December 12, 1950. At this time defendant waived hearing and filed an appeal in the court of

quarter sessions. On December 22, 1950, the present petition to quash the information was filed.

The basis of defendant's motion was that the justice of the peace lacked jurisdiction for the reason that the form of the notice sent to defendant does not comply with the requirements of section 1202(a) of The Vehicle Code.

The case came before Ervin, P. J., on March 14, 1951, at which time the legal question was orally argued but, because of the fact that witnesses were present, testimony on the merits was received subject to the subsequent ruling on defendant's motion.

Section 1202 of The Vehicle Code of May 1, 1929, P. L. 905, as amended (75 PS §732) provides:

"(a) Summary proceedings under this act may be commenced by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice. 1. If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall then issue and may be served by a peace officer having authority to serve warrants in the county in which the alleged violation has been committed. . . ."

Defendant contends that the notice, which we have previously quoted in full, does not comply with this act because it is not a forthwith notice to appear within 10 days but gives defendant two other alternatives, to wit, payment of $13.50 as fine and costs if defendant does not desire to contest the charge, or a notification that he desires a hearing thereon. We cannot agree with defendant's contention. We feel that the notice

complies with the requirements of The Vehicle Code and the fact that it goes further, for defendant's own convenience, to give him an opportunity to pay a fine if he believes himself guilty or to arrange for a hearing by telephone if he believes himself innocent, does not invalidate the portion of the notice which requires him to appear if he does not choose one of the other alternatives.

The notice in the present case was very similar to the notice involved in the case of Commonwealth v. Bair, 52 Lanc. 247, where the court concluded that the notice in that case complied with the law.

Defendant has cited the case of Commonwealth v. Reeder, 4 Chester 415, where an opposite result was reached. However, we cannot agree with the reasoning in that case.

The purpose of the notice was to inform defendant of the fact that a charge had been lodged against him and, even if we assume there was a technical defect in the notice, there is no doubt but that it accomplished this purpose because the record shows that defendant called the justice of the peace and requested a hearing, which he later failed to attend. When he did appear before the justice of the peace, he raised no question that the notice was not in compliance with The Vehicle Code and raised no question of the jurisdiction of the justice of the peace. Instead he waived a hearing, which was his legal right, and took his appeal to this court. Here again he did not appear de bene esse but filed the present motion, which acted as a general appearance. We therefore feel that even though we should be wrong in holding that the notice was proper, it is now too late for defendant to raise this question.

We are not unmindful of the case of Commonwealth v. Gill, 166 Pa. Superior Ct. 223, where defendant was permitted to raise the question of the jurisdiction of the justice of the peace for the first time in the court

of quarter sessions, but an examination of that case reveals that it was jurisdiction of the subject matter rather than jurisdiction of the person which was involved. Under The Vehicle Code the information is required to be filed with the nearest available justice of the peace, who thereby became the only one to have jurisdiction of the subject matter. No such question is involved in our case. Justice Wheat had jurisdiction of the subject matter and we feel that defendant, by appearing generally, submitted jurisdiction of his person.

Furthermore, the prayer of defendant's motion is to quash the information. There was nothing wrong with the information. Defendant's only complaint is to the proceedings thereafter. It therefore follows that defendants' motion and the rule granted thereon must be dismissed.

At the hearing testimony was taken on the merits, subject to the foregoing legal question, so that the witnesses would not have to appear at a subsequent hearing. Officer Newcomb testified that defendant passed him going north on Route 322, that he followed and obtained an accuracy check for a quarter of a mile at 70 miles per hour. He also produced a certificate of inspection as to the correctness of the speedometer of his automobile. The officer admitted there were no aggravating circumstances, such as carelessness or recklessness or weaving in and out of traffic, that the highway was wide, the weather clear and dry and there was very little other traffic on the highway. Defendant testified that he was not going faster than 50 miles per hour, that he was a teacher and on his way home. He also testified that he was employed in other work and needed his automobile in order to hold both positions. We, therefore, are faced with the problem of credibility of witnesses and we feel that the officer's testimony should be given credence. He was specifically

intent on learning the speed of defendant's car, whereas defendant's thoughts were probably on reaching home and it may be that he was traveling faster than he realized. We must, therefore, find defendant guilty and impose the fine required by The Vehicle Code. However, we feel that the facts of the case bring it squarely within the facts of Commonwealth v. Wagner, 364 Pa. 566, and that this is not a case which would justify the suspension of his operator's license. We hope that the Secretary of Revenue will not take this step but if he should do so and an appeal were filed in this court, we would probably reinstate it.