## Commonwealth v. Hildebrand

*F. Porter Wagner*, for Commonwealth.
*William A. Valentine*, for defendant.

PER CURIAM, April 9, 1953.—On November 21, 1952, the above-captioned defendant while proceeding east on Route 11, between Danville and Bloomsburg, in Mahoning Township, was involved in a rear-end collision, which was investigated by the prosecuting officer, the officer being satisfied that defendant violated section 1001 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §481, as amended, making reckless driving unlawful and including, among other things: "(a) Any person who drives any vehicle or street car or trackless trolley omnibus upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property", on the theory that defendant had failed to have his car under such control as to be able to stop within the assured clear distance ahead, and that he was not alert and paying attention to the cars preceding him that came to a stop upon the highway.

Defendant appeared before the justice of the peace, waived a hearing and posted bond for his appearance in quarter sessions court on February 5, 1953, the date fixed for a hearing in said matter.

Counsel for defendant filed a motion to quash for the reason that the prosecutor failed to file the information before the nearest available magistrate. Defendant proceeded to show that Mahoning Township lies east of the Borough of Danville, and that there is no duly qualified or acting justice of the peace within the township; that there are two duly qualified and acting justices of the peace in the Borough of Danville; that the information in this case was taken before a justice of the peace in Valley Township, which lies north of the Borough of Danville, and that in order to reach the justice of the peace office in Valley Township from Mahoning Township it is necessary to pass through the Borough of Danville, within a block or two of the justices of the peace in the borough, and then proceed in a northerly direction two or three miles to the office of the justice of the peace in Valley Township and, therefore, there is an actual geographical noncompliance with The Vehicle Code, which provides in section 1135, 75 PS §731:

"(a) Informations, charging violations of any of the summary provisions of this act, shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township in the county where the alleged violation occurred: Provided, however, That where there is no substantial difference between the respective distances from the place where the alleged violation occurred to the offices of more than one magistrate, any such prosecution may be brought before any one of such magistrates, or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought before such nearest available magistrate in any adjoining city, borough, incorporated town, or township in the county, . . ."

The Commonwealth contends that since Valley Township adjoins Mahoning Township, the act of as-

sembly has been complied with. The Commonwealth admits, however, that there is a difference in distance of approximately three miles from where the alleged violation took place to the magistrate's office in Danville and the magistrate's office in Valley Township.

Words used in a statute are to be given their ordinary common use and meaning; and penal statutes are to be strictly construed and strictly complied with. In the recent case of Commonwealth v. Gill, 166 Pa. Superior Ct. 223, it is held that a defendant charged with a summary offense under The Vehicle Code, who voluntarily appears before a justice of the peace and waives hearing, giving bail in accordance with the act for his appearance before the quarter sessions court, may raise the question of the jurisdiction of the justice of the peace before the court of quarter sessions.

The information filed in this case sets forth: "The magistrate being in and for Valley Township in said county being the nearest available magistrate to the place of the violation". This statement is probably true if we were permitted to use air-line distances from the place of the alleged violation to the office of the justice of the peace, but it is not true if the distance is measured by traveling the main traveled highway. It is our opinion that the words used in the act, "nearest available magistrate" means nearest by the usual and ordinary method of proceeding to the magistrate's office, and not to use the technical rule of determining that fact by map and airplane distances. There is, as stated, a differential of between two and three miles which under the words of the act seem to be substantial and of sufficient magnitude to not only justify, but to require the court to grant the motion to quash.

There may be some possible reason for the officer instituting this prosecution before the particular

justice of the peace, which we do not deem necessary to discuss. The act in our opinion is mandatory and must be strictly complied with, and the failure to comply with the edict contained in the act requires a dismissal of the case. Without further comment, however, we are unable to approve the procedure here used, and we see no reason or justification for the officer passing the offices of at least two justices of the peace in the Borough of Danville to lay the information before a justice at a more distant point, in a different adjoining municipality.

It, therefore, appears to be our duty to sustain the motion to quash this proceeding for the reason stated in the motion, and to this end we make the following

### Order

And now, to wit, April 9, 1953, the motion to quash is sustained, and the costs are placed upon the County of Montour.