## Commonwealth v. Quick

*William Hollis*, for Commonwealth.

*James T. Smith*, for defendant.

LIPEZ, P. J., June 9, 1954.—This matter is before us on certiorari to Alderman John P. Wynne of the Fourth Ward of the City of Lock Haven, Pa., whose record of the proceedings in a summary conviction under The Vehicle Code is now before us.

The information filed before the alderman avers in part as follows:

"Before me, the subscriber, an Alderman in and for said County, acting for C. E. Herr, Mayor, personally came William B. Ryan of the Lock Haven Police Department, who upon oath according to law, saith that in or at Lock Haven, Pennsylvania, in the County of Clinton on the 8th day of November, 1953, at about 11:30 o'clock A.M. of the said day, William Quick, defendant, above named, owner or driver of a motor vehicle bearing registration plates No. _____ for 19___, operator's plate No. ___ did violate the Pennsylvania Vehicle Code, to wit, Section 503, etc." quoting the language of the code and alleging further that "this violation occurred at Bellefonte Ave. and W. Park St.," and praying that a warrant issue and defendant be arrested and held to answer the charge of "driving without registration plates". After hearing defendant was found guilty.

Defendant has filed numerous exceptions to the record of the proceedings before the alderman, the most serious of which relate to the constantly recurring question of jurisdiction in summary offenses under The Vehicle Code. We shall, therefore, briefly review the statutory and case law relating thereto.

The provision for the election of an alderman of a city of the third class (which is Lock Haven's classification), as well as his jurisdiction in general, is set forth in the Act of May 23, 1874, P. L. 230, sec. 32, 53 PS §12051, which provides as follows:

"Each of the wards of each of the said cities shall be entitled to elect one alderman, who shall have all the powers and jurisdiction of a justice of the peace, . . ."

The powers and duties of justices of the peace in criminal matters are succinctly stated in a note in 42 PS following §392 as follows:

"In relation to criminal matters, the powers and duties of justices of the peace in Pennsylvania are the same as those exercised in England by the same class of officers at the time of the Revolution, except so far as they have been altered by our Constitution and laws. Every criminal offense is presumed to be within the scope of their authority to inquire into, take bail, or commit the accused, unless taken away by statute."[1]

Various acts providing for summary offenses give jurisdiction to hear and dispose of such offenses to magistrates, aldermen and justices of the peace; and even where such acts fail to specifically grant such jurisdiction, the Act of April 26, 1929, P. L. 824, 42 PS §391, lodges jurisdiction thereof in such magistrates, aldermen and justices of the peace.[2]

The Vehicle Code has numerous provisions for summary offenses, and the penalty clause in section 503 of the code (75 PS §133) which is typical of such clauses, provides that "Any person violating any of the provisions of this section, shall, upon summary conviction before a magistrate, be sentenced", etc.

In section 102 of the code (75 PS §2, under Definitions), "magistrate" is defined as "A mayor, burgess, magistrate, alderman, justice of the peace, or other officer, having the powers of a committing magistrate". Thus, it is quite clear that The Vehicle Code has conferred jurisdiction of the subject matter of the various

---

[1] See Commonwealth v. Kurz et al., 14 Dist. R. 741 for a comprehensive discussion of the historical background and evolution of the powers and duties of justices of the peace.

[2] This act provides as follows:

"In all cases in which an act of assembly defines an offense, and renders it punishable upon summary conviction, or summary proceeding, but without conferring jurisdiction thereof upon any court, either of record or not of record, jurisdiction is hereby conferred upon any magistrate, alderman, or justice of the peace within any county in which any such offense is committed, to hear and dispose of a prosecution and impose the penalties provided therefor, subject to the right of appeal as in other cases."

summary offenses set forth therein upon both the mayor and alderman.

The judicial function granted to the mayor under section 1206 of the Third Class City Law (53 PS §12198-1206) is, in part, as follows: "The mayor shall have the criminal jurisdiction of an alderman within the city . . .", and the authority for an alderman to preside in the mayor's police court is set forth in section 1017 of the same act, as follows (53 PS §12198-1017):

"Any alderman of the city may, at the request of the mayor or acting mayor, where either is for any reason unable or unwilling to act, attend the mayor's police court, and there perform all such duties and exercise all such powers as to which he has concurrent jurisdiction with the mayor, and for such services shall be allowed such compensation as council shall provide".

It is well settled that a justice of the peace does not have jurisdiction (i.e., cannot exercise his judicial power) outside of the district for which he is elected (Commonwealth v. Kurz et al., supra), and similarly an alderman has no jurisdiction outside of the ward for which he is elected, except under such circumstances as may be provided for by an act of assembly: City of Bethlehem v. Durning, 30 Dist. R. 727.

The Third Class City Code has provided for the exercise of judicial functions by an alderman outside his own ward only where he has been so requested by the mayor or acting mayor; and has limited the exercise of his powers only to such as to which he has concurrent jurisdiction with the mayor. We, therefore, have the question of what is meant by concurrent jurisdiction. As stated in Stockman v. Delaware County, 22 Dist. R. 726:

"This cannot be the exercise of the mayor's powers. The mayor could not delegate his judicial function.

Indeed, the Act of May 16, 1901, (which contained a provision similar to the present Third Class City Law), expressly mentions it as the exercise of the alderman's powers, which he possesses concurrently with the mayor. Therefore, it is manifest that when an alderman presides over the police court, he is exercising his aldermanic powers".

This, however, does not mean that he takes with him to City Hall all his aldermanic powers, but only those powers over which he and the mayor have the same jurisdiction, i.e., those which come within the purview of "concurrent" which, as defined in Webster's New International (2nd ed.) Dictionary means: "taking cognizance of or having authority over the same subject matter".

Section 1201(a) of The Vehicle Code, as amended, 75 PS §731, provides:

"Informations, charging violations of any of the summary provisions of this act, shall be brought before the nearest available magistrate within the city, borrough, incorporated town, or township in the county where the alleged violation occurred: Provided, however, that where there is no substantial difference between the respective distances from the place where the alleged violation occurred to the offices of more than one magistrate, any such prosecution may be brought before any one of such magistrates, or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought before such nearest available magistrate in any adjoining city, borough, incorporated town, or township in the county, . . .".

In determining the availability of the magistrate, as well as the distance from the place of the alleged violation, it is clear that The Vehicle Code is referring to the *place* where the magistrate has his office, since it specifically refers to "the respective distances from

the place where the alleged violation occurred to the offices of more than one magistrate", etc. It is the *place* where justice is to be judicially administered that is the criterion in determining jurisdiction under section 1201 for, as stated in King v. King et al., 1 Penrose and Watts 15:

"It is difficult to conceive of the office of a judge, without at the same time associating with it the idea of a place for the performance of its duties".

Thus, when an alderman sits in the mayor's police court, he then has his office for the purpose of performing his duties in that capacity at the place where the mayor's police court is held; and in that capacity in order to have jurisdiction over Vehicle Code summary offenses, the location of the police court must come within the territorial as well as other limitations, provided for in section 1201(a). Since both the alderman and the mayor have jurisdiction over Vehicle Code violations occurring within the city (though, of course, the alderman is not limited in that respect) and are both bound by the same territorial and other limitations under section 1201(a) they, therefore, have concurrent jurisdiction as to summary offenses coming within the purview and limitations of said section.

Though the alderman sitting in the mayor's police court may have jurisdiction in fact, since this matter is before us on certiorari,[3] it is contended that the jurisdictional requisites must appear affirmatively of record. The record in this case shows an information made before "An alderman in and for said county, acting for C. E. Herr, Mayor". It has been held that since the jurisdiction in such a case is a special one, it is essential that it should appear of record that the

---

[3] This case is to be distinguished from Commonwealth v. Burall, 146 Pa. Superior Ct. 525, where on a waived hearing it was held that defendant waived his right to attack the record on technical deficiencies. See also Commonwealth v. Gill, supra, at page 226.

alderman was acting at the mayor's request: City of Bethlehem v. Durning, supra.

The information or complaint merely alleges the offense to have been committed on a certain street in Lock Haven and contains no allegation as to the location of the magistrate's office (in this case, the mayor) with reference to the place where the offense was committed, nor does the transcript show this as a fact. The magistrate has jurisdiction of such a summary offense only if he meets the condition of section 1201($a$) of the code, for "the provisions of this section are mandatory and it is only through strict compliance with such provisions that jurisdiction is acquired": Commonwealth v. Gill, 166 Pa. Superior Ct. 223.

"By the mandate of Section 1201(a) jurisdiction in summary proceedings under the Vehicle Code is restricted to the available magistrate who is nearest to the place where the alleged violation occurred": Commonwealth et al. v. Germsback, 167 Pa. Superior Ct. 106.

As stated in Commonwealth v. Gelbert, 170 Pa. 426, 430:

"The complaint is the foundation of the proceeding and the jurisdictional facts must appear on its face by a plain statement of them. Neither the warrant nor the docket entries can supply them or dispense with their presence".

We are of the opinion, and so hold, that in order that the alderman acting on behalf of the mayor may have jurisdiction of the subject matter of this, as well as other, summary offenses under The Vehicle Code, it must affirmatively appear in the complaint, and the alderman's record of the proceedings must also show, that he is the available magistrate within the City of Lock Haven who is nearest the place where the alleged violation occurred.

The conviction, therefore, must be reversed and we therefore enter the following

*Order*

And now, June 9, 1954, the first exception is sustained and the judgment of the alderman is reversed.