## Commonwealth v. Leyland

*Clark H. Painter*, for Commonwealth.

*Harry K. McNamee*, for defendant.

SHUMAKER, P. J. (fiftieth judicial district, specially presiding), March 15, 1955.—This matter is before the court on a certiorari of the records in this case from the office of alderman Harold Armstrong, a magistrate of the City of Butler.

On February 5, 1955, defendant was arrested by the Pennsylvania State Police in Penn Township, Butler County, Pa., and charged with reckless driving, the information having been filed in the office of alderman Harold Armstrong in the City of Butler.

Defendant entered a plea of "not guilty" to the charge and, after immediate hearing held, the alderman adjudged defendant guilty and sentenced him to pay a fine of $25 and the costs of prosecution.

Although the information contains the following statement: "This information filed before me being the nearest available magistrate to where the alleged violation occurred", the appeal is to this court on the

proposition that this magistrate was without jurisdiction.

This court takes judicial knowledge of the fact that the City of Butler is entirely surrounded by Butler Township, and that Penn Township lies south of the City of Butler and is separated from the city by a portion and part of Butler Township.

The Vehicle Code of May 1, 1929, P. L. 905, sec. 1201, as amended, 75 PS §731, provides:

"Informations, charging violations of any of the summary provisions of this act, shall be brought before the nearest available magistrate within the city, borough, incorporated town, or township in the county where the alleged violation occurred, where there is no substantial difference between the respective distances from the place where the alleged violation occurred . . . to the offices of more than one magistrate, any such prosecution may be brought before any one of such magistrates, or if there is no person holding the office of magistrate in such city, borough, incorporated town, or township, then such information shall be brought before such nearest available magistrate in *any adjoining* city, borough, incorporated town, or township in the county. . . ." (Italics supplied.)

This court further takes judicial knowledge of the fact that there is in Penn Township a duly qualified and acting justice of the peace, and why he was not available is not shown on the records of the magistrate in the city.

Assuming, however, that he was not available, then the police officer had the authority under the above-quoted act of assembly to file an information in the office of the nearest available magistrate in any adjoining municipality.

Certainly, the City of Butler does not adjoin Penn Township, and we construe the act of assembly to mean that only the nearest available magistrate in the mu-

nicipality geographically adjoining the township where the offense occurred, or contiguous thereto, could have jurisdiction in the case in the event that the nearest magistrate within the municipality where the offense occurred was not available.

In the case of Commonwealth v. Williamson, 84 D. & C. 342 (1952), a similar set of facts was before the court on certiorari and Judge Satterthwaite of the Court of Common Pleas of Bucks County sustained defendant's exceptions to the jurisdiction of the justice of the peace.

In the case of Commonwealth v. Gill, 166 Pa. Superior Ct. 223, Judge F. Clair Ross stated for the court:

"Section 1201($a$) of The Vehicle Code, 75 PS §731, sets out the conditions under which the legislature intended that magistrates should acquire jurisdiction over summary prosecutions under The Vehicle Code. The provisions of this section are mandatory and it is only through strict compliance with such provisions that jurisdiction is acquired. It is well established that jurisdiction of the subject matter cannot be given to courts by consent."

We conclude that the magistrate did not have jurisdiction in this case.

We are now asked to direct that the fine and costs paid be returned by the magistrate to defendant.

In this case defendant was found guilty by the magistrate and had the choice of paying his fine and costs or going to jail in default of such payment. We do not consider such payment a voluntary payment in the true connotation of the term. We are reliably advised by counsel for defendant that immediately upon the payment of the fine and costs defendant sought the services of his attorney who went forthwith to the magistrate and was advised by the magistrate that he would hold the fine and costs pending the decision by this court on the matter of jurisdiction.

Under such circumstances, we are of the opinion that the learned opinion of Judge Satterthwaite, in the case of Commonwealth v. Williamson, refusing to order restitution, should not be followed.

Hence this order:

### Order of Court

And now, March 15, 1955, defendant's exceptions to the jurisdiction of the alderman are sustained and the judgment finding defendant guilty of the summary offense charged against him is set aside and vacated, with direction to the magistrate to return to defendant the fine and costs paid.