## Commonwealth v. Emery

*William T. Windsor*, for Commonwealth.

*Donald L. Emery*, defendant, p. p.

FORTNEY, P. J., July 25, 1955.—Defendant, Donald L. Emery, was apprehended while operating his motor vehicle in the Borough of Milton, in this county, and charged with a violation of section 1002(a) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §501. He waived a hearing on this summary offense before the justice of the peace. When the case was called in quarter sessions court, a motion was made to quash the information for lack of jurisdiction of the justice, it being contended he was not the nearest available magistrate.

The first question which presented itself was: May defendant raise the question of jurisdiction after he has waived a hearing? This, we decided, he could do, under authority of Commonwealth v. Gill, 166 Pa. Superior Ct. 223; Commonwealth et al. v. Germsback, 167 Pa. Superior Ct. 106, 108.

Defendant next moved to postpone the hearing on the merits until the jurisdictional question was determined. This motion was granted.

An examination of the information discloses the situs of the alleged violation was in the Borough of Milton. The information also revealed the office of the justice of the peace before whom defendant was charged was in the same borough. Where a defendant is brought before a justice of the peace in the same township or borough as the situs of the offense, it is presumed he is the nearest available magistrate and defendant has the burden of proving the contrary. Commonwealth v. Coldsmith, 176 Pa. Superior Ct. 283.

The counsel, having indicated his readiness to meet this burden, then presented testimony which discloses the following history.

Defendant was arrested February 10, 1955, by a patrolman of the Borough of Milton and charged with operating his motor vehicle at a greater rate of speed than was reasonable and proper, without having due regard to the traffic, surface or width of the highway. This alleged violation occurred in the 800 block of North Front Street in Milton and resulted in his subsequent arrest before Robert R. Werley, a justice of the peace, whose office is situate at 13 Elm Street in the borough.

On February 10, 1955, the date on which defendant is alleged to have violated The Vehicle Code, one, Forrest Walters, was also a justice of the peace in the Borough of Milton, with an office located approximately at the intersection of Front Street and Broadway. Mr. Walters was available at the time of the arrest.

The applicable law is found in section 1201 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §731. The provisions of this section are mandatory and it is only through strict compliance with such provisions that jurisdiction is acquired: Commonwealth v. Gill, supra, page 227. This section sets up as a general rule that any information charging a violation of a summary provision of The Vehicle Code must be laid before the nearest available magistrate within the municipality in which the alleged violation occurred. In the instant case we have no question as to availability, both justices were available. The term "nearest" as used herein means by the usual and ordinary method of proceeding, such as by road: Commonwealth v. Hildebrand, 85 D. & C. 43. The testimony discloses that in order to reach the office of Justice Werley from the place where the alleged violation occurred, it is necessary to proceed south on Front Street

to Broadway, east on Broadway to Elm and South on Elm. In so doing one passes directly in front of the office of Justice Walters and therefore, there is an actual geographical noncompliance with the mandatory provisions of The Vehicle Code. It follows that the nearest available justice of the peace in the instant case was Mr. Walters.

The general rule in section 1201, supra, is qualified to the extent that where there is no substantial difference in the distances from the place of the offense to the offices of two or more magistrates within the municipality the information may be filed with any one of such magistrates. Was there such substantial difference in the instant case? The testimony discloses the distance from Front Street (the location of Justice Walter's office) to Elm Street is 140 feet. The testimony does not show but we take judicial notice of the fact that the office of Justice Werley is about 60 feet south on Elm Street. The total difference in distances between the two offices is 200 feet. Measured by actual feet then, the answer to the question must be in the negative. While all penal statutes must be strictly construed, they must also be construed with common sense. We think this qualification of the general rule set up in section 1201 of The Vehicle Code has no application to the instant case. The legislature did not intend it to apply when the offices of both justices were in the same direction and to get to one it was necessary to pass that of the other. What the legislature had in mind in respect to this qualification is that if the alleged violation occurred in the 800 block on Front Street and the office of Justice A was 1,000 feet north thereof and the office of Justice B was 800 feet to the south thereof, there would then be no substantial difference in the distances and an information could be filed with either justice. Any other interpretation would produce an

absurd and unreasonable result and it must be presumed the legislature would not intend such a result.

It, therefore, appears to be our duty to sustain the motion to quash this proceeding; hence the following

*Order*

Now, July 25, 1955, the motion of defendant to quash is sustained. Costs to be paid by Northumberland County.