## Commonwealth v. Hanley

*J. William Ditter, Jr.*, for Commonwealth.
*Anthony J. Giangiulio*, for defendant.

DANNEHOWER, J., February 14, 1956. — The sole question to be decided on this appeal is whether or not one attempt to take a vehicle code violator before the nearest magistrate complies with section 31 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §731, requiring · that informations be brought before the *"nearest available magistrate"*.

The question arises upon the waiver of a hearing and appeal from the summary conviction on the grounds of lack of jurisdiction before a justice of the peace for a violation of the speed limit provisions in the code.

The violation occurred on Route 422 in Limerick Township, September 15, 1955, and the information was sworn to before Squire Evans on September 29, 1955, 14 days after the alleged violation. It was ad-- mitted by the arresting officer that Clarence Hunsicker, another justice of the peace, actively exercising his duties, also has an office in Limerick on Route 422, which was much closer to the place of the violation than the office of Squire Evans. But, the arresting officer testified that he checked on September 29th and found that Squire Hunsicker was not in his office before going before Squire Evans. He also admitted, however, that he had not made any prior effort to contact Squire Hunsicker or otherwise determine when he would be available.

There is no evidence to contradict the testimony that Squire Hunsicker was the "nearest" magistrate. Did the one unsuccessful attempt to bring the information before Squire Hunsicker 14 days after the violation make him so unavailable as to qualify Squire Evans as the "nearest available magistrate" within the meaning of that provision in the code? We think not. That this provision of the code is mandatory is clear not only from the language in the section, "shall be brought before the nearest available magistrate within the . . . township", but also from the decided cases. See Commonwealth v. Gill, 166 Pa. Superior Ct. 223, 227 (1950), and Commonwealth v. Stamm, 43 D. & C. 210, 57 Montg. 356 (1941).

The purpose of this provision and the intention of the legislature in enacting it was to prevent the solicitation of business by magistrates and the steady flow

of officers with informations to the door of a friendly magistrate. If we were to conclude that Squire Hunsicker was not available here, we would, in part, destroy the purpose and effect of this provision. Having learned that the nearest magistrate is not in his office on a given day or at a given time, the arresting officer would make his attempt to go before that magistrate at such time and then proceed to the office of another magistrate more suitable to him.

It was never intended that this provision should permit such a result. Nor would such an interpretation be consistent with the common meaning and usage of the word "available".

In Commonwealth v. Beam, 20 D. & C. 321 (1934), it was held that a general disinclination on the part of magistrates to handle automobile violations did not render them unavailable where the constable failed to determine whether either was available "at any time between the date of the offense and the date when he brought the prosecution". The court recognizes an exception to the nearest available rule where strict compliance is impossible, but concludes that such was not the situation in that case. We think such reasoning is applicable and controlling here. In the absence of any testimony of any other bona fide attempt by the prosecuting officer to contact the nearest magistrate or swear out his information before him, we cannot find that another magistrate had jurisdiction. Squire Hunsicker was not unavailable for 14 days and Squire Evans, therefore, was not the "nearest available magistrate" within the meaning of section 1201 (a) of The Vehicle Code.

### Order

And now, February 14, 1956, the appeal is sustained for lack of jurisdiction and defendant discharged; county to pay costs.