## Commonwealth v. Heim

*Howard R. Berninger*, District Attorney, for Commonwealth.

*Gailey C. Keller* and *Smith & Eves*, for defendant.

KREISHER, P. J., May 1, 1959. — The above-mentioned prosecutor on March 14, 1959, lodged an information before a justice of the peace in the Township

of Montour, this county, charging the above-captioned defendant with the violation of section 1002 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §501, subsec. (b) 4, which makes it unlawful to exceed the speed of 35 miles per hour in a residence district which has been properly posted in accordance with The Vehicle Code.

The penal provision of this section provides for a summary conviction before a magistrate and for the imposition of a fine of $10 and costs of prosecution, or in default of the payment thereof, imprisonment for not more than five days.

On March 16, 1959, the justice of the peace sent by registered mail to defendant a copy of the information and a notice to appear on or before March 20, 1959.

Article XII, sec. 1202 of the said Vehicle Code, as amended, 75 PS §732, subsec. (a), provides:

"Summary proceedings under this act may be commenced as provided in section 1201 (c) or by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered or certified mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

Defendant, after receiving the above-mentioned notice, appeared at the office of the justice of the peace, posted a bond and waived a hearing for the matter to be heard in the court of quarter sessions.

When the case was called for trial, counsel for defendant made a motion to quash the proceedings on the ground that the notice received by defendant failed to comply with the above-quoted section of The Vehicle Code in that it failed to give defendant a full 10 days

within which to appear before the justice of the peace, and this motion is now before the court for disposition.

The district attorney takes the position that defendant's voluntary appearance before the justice of the peace waived the defect in the notice which cannot now be attacked in the court of quarter sessions because it is purely a procedural irregularity, and defendant's redress in this regard should have been addressed to the court of common pleas by way of certiorari.

Prior to 1950 the county court cases on this question were very conflicting and confusing. The one line of cases was reviewed by Judge Sheely in Commonwealth v. Maun, 68 D. & C. 288, wherein it is held that defendant's voluntary appearance before the magistrate waived all procedural defects, and this conclusion is still followed in many of the jurisdictions including Dauphin County, where in 1955 in writing the opinion in the case of Commonwealth v. Jiras, 4 D. & C. 2d 655, Neely, J., cited and followed the Maun Case.

In the other line of cases, the holding that the provisions of the above-quoted Vehicle Code are mandatory and must be strictly construed and complied with in order to give the justice of the peace jurisdiction of the case is reviewed in the case of Commonwealth of Pennsylvania v. Beaver, 58 D. & C. 97, wherein a motion to quash was granted by reason of a defective notice to appear.

This conclusion is followed in many jurisdictions including Lackawanna County in an opinion by Eagen, J., in the case of Commonwealth v. Weed, 53 Lack. Jur., 112.

In 1950, the Superior Court in the case of Commonwealth v. Gill, 166 Pa. Superior Ct. 223, held that a defendant may raise the question of jurisdiction of the justice of the peace before the court of quarter sessions

even though he voluntarily appeared before the justice and waived a hearing.

The first four paragraphs of the syllabus of the said case read as follows:

"1. A defendant charged with a summary offense under The Vehicle Code of May 1, 1929, P. L. 905, as amended, who voluntarily appears before a magistrate or justice of the peace and waives hearing can raise the question of the jurisdiction of the magistrate or justice of the peace before the county court or court of quarter sessions.

"2. Commonwealth v. Burall, 146 Pa. Superior Ct. 525, distinguished.

"3. The provisions of §1201 (a) of The Vehicle Code are mandatory and it is only through strict compliance with such provisions that jurisdiction is acquired.

"4. Jurisdiction of the subject matter cannot be given to courts by consent."

There is no doubt that the section of The Vehicle Code here alleged to have been violated is a penal statute and must, therefore, be strictly construed so that it is our opinion that the mandatory provisions of the act must be strictly complied with in order to invoke the penalty against an accused. Otherwise, a defendant is not being given the benefit of the doubt, and he is not receiving due process of law.

The editors of the recent Pennsylvania Law Encyclopedia have chosen to take the view of this question as set forth in the Beaver case, above cited, and it is our opinion that this view is the more reasonable, logical and just conclusion for the many reasons set forth by Wingert, J., in the said Beaver case.

4 P. L. E. 652, §360, contains the following paragraph:

"Where a person charged with a violation of the Vehicle Code waives a summary hearing before the magistrate and gives bond to appear in court, he does

not thereby waive his right to question the regularity of the proceedings, but may thereafter question such regularity, as well as the jurisdiction of the magistrate, if not properly served with notice in writing of the filing of the information as designated by the statute, or if not given the proper amount of time in which to make his appearance."

Therefore, without further discussion in this matter, we are inclined to side with that line of cases which hold that a defective notice to appear is more than a procedural irregularity and that the same may be attacked in the court of quarter sessions even though defendant appeared before the justice, waived a hearing and gave bond for his appearance in court and, to this end, we make the following

### Order

And now, May 1, 1959, the motion to quash the above-captioned proceedings is granted, and the costs are placed upon the County of Columbia.