## Commonwealth v. Callen

*Benjamin Renshaw*, for Commonwealth.
*Charles Sovel*, for defendant.

CHUDOFF, J., November 23, 1959. — This matter comes before the court upon the motion of defendant, John Callen, to quash the transcript returned by the magistrate in this action, and to discharge him from bail. The facts which up to this stage are not in dispute are essentially as follows:

Defendant, John Callen, was arrested on September 22, 1959, by a constable on a warrant issued by Magistrate Nathan A. Beifel, and appeared in Magistrate's Court No. 8 in the City and County of Philadelphia, where he was held over for court on charges of "aggravated assault and battery by beer bottle". Bail was fixed in the amount of $500, and following the posting of adequate security in this amount, he was released from custody. The transcript which was returned by the magistrate to the clerk of quarter sessions indicates that defendant waived a hearing. There is no indication that any witnesses either appeared or were heard except that the name "Gertrude Messner c/o James Dessen, Esq." appears under the heading, "Witness for Prosecution".

It is defendant's contention that the transcript returned by the magistrate is insufficient in that it fails to indicate that the magistrate complied with the provisions of the Act of May 27, 1919, P. L. 306, secs. 1, 2, 19 PS §§21, 22, entitled, "Hearing in Assault Cases", and accordingly the transcript should be quashed and defendant released from bail.

The act reads:

"In all cases of prosecutions for *assault or assault and battery*, the alderman, justices of the peace, or magistrate, before whom such case is instituted, shall, before he binds any person so charged over to the court of quarter sessions upon the oath of any complainant, enter into a full hearing and investigation of the facts charged, and shall only bind over the defendant to the said court when he is satisfied from the evidence that the prosecution is reasonably well founded." (Italics supplied)

At the outset, it is to be noted that the recognized rule is that when, as here, a defendant has waived a hearing and posted bail for his appearance in court in a summary proceeding, he waives irregularities of procedure before the magistrate or justice of the peace, and consents to jurisdiction of his person: Commonwealth v. Maun, 68 D. & C. 288 (1949); Commonwealth v. Proie, 66 Dauph. 4, 6 (1954); Commonwealth v. Burall, 146 Pa. Superior Ct. 525 (1941); Commonwealth v. Gill, 166 Pa. Superior Ct. 223 (1950).

Defendant argues, however, that the aforementioned rule is not applicable under the Act of May 27, 1919, P. L. 306, secs. 1, 2, and in support thereof cites, among others, the case of Commonwealth v. Sprowls, 85 D. & C. 370 (1952).

This court has no quarrel with the Sprowls case and adopts the court's language as enunciated therein at page 374:

" ' "The Act of 1919 must be limited to the purposes plainly evident upon its face for its enactment and should be so construed as not to impair any rights which the defendant now has, including the right to waive a hearing and to enter bail at once if he sees fit. Notwithstanding the defendant may thus waive the hearing and enter bail at once, the statute specifically imposes upon the justice the duty of having a hearing in assault and battery cases whereby the justice may, as the result of such hearing, come to the conclusion that the case does not warrant prosecution and may dismiss it and discharge the defendant, and, as a necessary consequence, the bail." ' "

On the other hand, however, the court cannot lose sight of the fact that defendant is charged not with the crime of assault or simple assault and battery, but with the more serious crime of "aggravated assault and battery by beer bottle". This offense, if made out, as we have said, would constitute an aggravated assault and battery as defined by The Penal Code of June 24, 1939, P. L. 872, sec. 709, 18 PS §4709. Simple assault and battery is as defined in The Penal Code of June 24, 1939, P. L. 872, sec. 708, 18 PS §4708. They are, therefore, separate and distinct offenses, not defined in the same but in different sections of the act of assembly.

The court feels that the plain intent of section 1 of the Act of 1919, "Hearing in Assault Cases", was to encourage the settlement of minor offenses in the court of the committing magistrate, so as to relieve the courts of quarter sessions of many trifling prosecutions, and to prevent the imposition of unnecessary costs which this court deems to be a wise and sound provision. Accordingly, the magistrate is directed in such cases to enter into a full hearing and investigation of the facts charged and only bind over defendant to court when he is satisfied from the evidence that

the prosecution is well founded. It was not the intention of the legislature that he should so proceed in the more serious offenses. Aggravated assault and battery is a more serious offense than assault and battery, in that in the former grievous bodily harm shall be inflicted upon any person either with or without any weapon or instrument to constitute the offense, while in the latter, the offense is made out if the evidence shows that defendant was guilty of the least touching of the prosecutor in a rude, angry or revengeful manner: Commonwealth v. Wein, 16 Del. Co. 193 (1924).

To sustain the motion in this case would work a grave injustice to the Commonwealth, and the court declines to be a party to such an action. Moreover, the court does not feel aggravated assault and battery is included within the scope of the provisions of the Act of 1919 and therefore denies defendant's motion.

### Order

And now, November 23, 1959, defendant's motion to quash the magistrate's transcript is denied.